## W. P. LEE v. W. B. McINNIS ET AL.

### Decided April 28, 1910.

**Justice Court—Pleading—"Hog Law."**

In a suit in a Justice Court for the value of hogs impounded by defendant, the defendant answered that the hogs had been taken up while running at large in territory where the "hog law" had been adopted. Held, the plea, being in the Justice Court, was good as against an objection that it did not allege that the several acts required to be done in order to put the hog law in operation had been done.

Appeal from the County Court of Anderson County. Tried below before Hon. O. C. Funderburk.

*S. J. Williamson*, for appellant.

*W. R. Petty*, for appellees.

REESE, ASSOCIATE JUSTICE.—This is a suit instituted in a Justice's Court by appellant against appellee to recover seven head of hogs or the value thereof—$25—and for $75 exemplary damages.

Appellees answered that the hogs had been taken up while running loose in territory where the hog law had been adopted, and in reconvention set up claim for damages to their crops by the hogs, and pound fees, etc.

The result of the suit was a judgment for plaintiff for the hogs and for defendants on their plea in reconvention for $28. Plaintiff appeals.

There is no statement of facts in the record, and the only assignment which can be considered is one complaining of the insufficiency of the plea setting up that the hog law was in operation in the territory where the hogs were taken up. The objection is that such plea did not allege that the several acts required to be done in order to put the hog law in operation had been done. The action was in the Justice Court. The pleading was sufficient as a pleading in that court. (Rector v. Orange Rice Mills, 100 Texas, 591.) It was not necessary that the averments should be full and specific, as was held to be necessary in case of an indictment or information for violation of the criminal provisions of this law, as in King v. State (74 S. W., 773).

There is no error in the record and the judgment is affirmed.

*Affirmed.*