**WATERS et al. v. GUNN et al.**

No. 5944.

Court of Civil Appeals of Texas. Amarillo.

Jan. 31, 1949.

Rehearing Denied March 7, 1949.

McWhorter, Howard & Cobb, of Lubbock, and R. L. Graves, of Brownfield, for appellants.

Burton G. Hackney, of Brownfield, for appellees.

STOKES, Justice.

On May 25, 1948, an election was held in the Brownfield Consolidated Independent School District to determine the question of whether or not bonds in the sum of $750,-000 should be issued by the district, the proceeds to be used for the erection of a school building, gymnasium and athletic field. The returns showed that the proposition to issue the bonds carried by a majority of thirty-four votes. Appellants, C. W. Waters, R. L. Stallings and J. W. Couch, immediately filed with the appellees, the school district, Gene Gunn and others, trustees, and the county attorney of Terry County, their contest of the election which was followed in due order by the institution of this suit. In their contest and their petition they alleged the election was illegal and void upon numerous grounds which we do not deem it necessary to repeat in detail since there is no controversy concerning any of the pleadings. The case was submitted to the court without the intervention of a jury and resulted in a judgment denying the contest and all of the relief prayed for by the contestants. They

duly excepted, gave notice of appeal and have brought the case before this court for review.

The trial court found that seven of the votes cast in the election were illegal and that the election resulted in favor of the issuance of the bonds by a majority of twenty-eight votes.

The record shows that Brownfield Consolidated Independent School District was established in 1941. It comprises a number of former school districts located in Terry County, including the town of Brownfield, the county seat, and also some territory in Yoakum County, its entire area consisting of approximately 380 square miles. The distance from the western boundary of the district to Brownfield is approximately twenty-two miles. The order for the election established only one voting box in the entire school district and it was located in Brownfield. Appellants assign error of the court in holding and adjudging that, under the circumstances revealed by the testimony, the one voting place for so large a territory was sufficient to comply with the provisions of the law and that an election held under such circumstances is valid. They also assign error of the court in holding and adjudging that the notice of the election given by the officials of the district was sufficient and, further, they contend the election was void because it was called and held only seventeen days after the order calling it was entered.

The testimony shows that, while there are a number of election precincts in which voting boxes are maintained in the district, outside of the town of Brownfield, the electors have voted at those polling places only in regular, general and primary elections involving the entire county. It shows further that, since the Brownfield Consolidated Independent School District was created in 1941, a number of school elections have been held in the school district and in all of them only one voting box has been used and it was located in the town of Brownfield. Appellants alleged that, if voting boxes had been provided in the election precincts of the district so that the electors could have voted in the elec-

tion precincts of their respective residences, as provided by Art. 2955a, Vernon's Revised Civil Statutes, there would have been a sufficient number of additional votes cast against the bond issue to have defeated the proposition. However, they failed to establish this allegation by the evidence. We have carefully examined the entire statement of facts and, out of the twenty-two witnesses produced by appellants who testified concerning that matter, only four of them testified that they did not vote at the election because of the distance from their homes to Brownfield and, that, if they had voted, they would have voted against the issuance of the bonds. It is well established by many decisions of the courts of this state that failures and irregularities in the observance of provisions of the statutes concerning such matters as this will not invalidate an election unless they have affected or changed the result from that which the returns show it to have been. Hill v. Smithville Independent School Dist., Tex.Com.App., 251 S.W. 209; Lightner v. McCord, Tex.Civ.App., 151 S.W.2d 362.

As we have said, the returns of the election showed the proposition to issue the bonds carried by a majority of thirty-four votes. Some of the votes discarded by the court were for the bonds and some were against them, leaving a majority of twenty-eight votes in favor of issuing the bonds. When the four votes that would have been cast against the bonds, but were not on account of the extra distance, are taken from the majority found by the court, it still leaves twenty-four votes in favor of the bond issue. This would, of course, not have changed or affected the result of the election and, under the above authorities, and many others that could be cited, appellants' first contention is untenable and must be overruled.

Appellants next contend that the election was void because the notice given was insufficient and did not comply with the law. Only three notices were posted and all of them were posted within the town of Brownfield and only a few hundred feet apart. Ordinarily notices of an election are, and should be, posted in public places in the various sections of the district. The purpose of publishing the notices is to inform the voters of the district that the election will be held and the time and places where the votes will be cast. As far as the record in this case shows, every voter in the district knew of the election and no one testified he was deprived of notice or of voting in the election on account of failure to post the notices over the district. It is obvious therefore that failure to post the notices in a different manner from that in which they were posted did not affect the election.

The final contention presented by appellants is that the election was illegal and void because it was held only seventeen days after the order calling it was entered by the board of school trustees and, under the law, as it should be applied, it could not have been held less than thirty days after it was called. The order calling the election was entered on May 8, 1948. It provided that the election should be held on May 25, thus seventeen days intervened between the date the order was entered and the date upon which the election was held. Article 2788, R.C.S. 1925, provides that such an election shall be held within thirty days after the order calling the same has been issued. According to the statute, therefore, as it appears in the revision of 1925, presently in use, the election was called and held in accordance with the applicable provisions of the law. Appellants contend, however, that, before the recodification of the statutes by the commission, and its adoption by the legislature in 1925, Article 2788 appeared and was designated and known as Article 2858a and it then provided that the election should be held not less than thirty days after the order calling the same was entered. They assert that the codifiers were not legislators and were not authorized to amend or change the meaning of statutes, but simply to arrange them in appropriate titles, chapters and articles. They contend, therefore, that the change was obviously made through a mistake of the codifiers and an oversight of the legislature when the 1925 recodification was made and adopted. In view of this, they say, the law is the same today as it was before the codification was adopted in

1925, and the election was void because it was held less than thirty days after it was called. The law is well settled that, in enacting Revised Statutes, such as the adoption of the revision of 1925, the legislature exercises its power to incorporate new matter into the compilation of the laws; to change and modify existing statutes so as to give them other or more extensive meanings; to repeal statutes outright, or in part, as well as to correct verbal inaccuracies; or to improve the style in which the statutes are expressed. American Indemnity Co. v. City of Austin, 112 Tex. 239, 246 S.W. 1019; Dorsey v. Fidelity Union Casualty Co., Tex.Civ.App., 52 S.W.2d 775; City of Lubbock v. Magnolia Petroleum Co., Tex.Civ.App., 291 S.W. 660.

In the case last cited this court held that, under the provisions of the final title of the Revised Statutes of 1925, the statutes as a whole are to be construed as an act of the legislature and the courts are without authority to limit the effect of any article contained in them by reference to, or construction of, the session laws where such article originated, particularly where the law as now set out in the Revised Statutes is plain and unambiguous. That holding was affirmed by the Supreme Court on writ of error, 6 S.W.2d 80, and it expresses the established law of this state. This in no way conflicts with the holding of the court in the case of Tide Water Oil Co. v. Bean, Tex.Civ.App., 148 S.W.2d 184, cited by appellants as authority for their contention. That case holds that it is permissible to go behind the adoption of the Code in order to interpret an article brought forward into the revision and thereby determine the intent of the legislature. The rule is observed when it becomes necessary to assertain the intent of the legislature in making changes or alterations in old statutes by adopting revisions, particularly when the new enactment appears to be ambiguous.

We have carefully examined all of the assignments of error presented and urged by appellants and, in our opinion, none of them reveals reversible error. The judgment of the court below will therefore be affirmed.