**BENNEVENDO v. HOUSTON TRANSIT CO.**

No. 12237.

Court of Civil Appeals of Texas. Galveston.

Feb. 8, 1951.

Rehearing Denied March 1, 1951.

Spiner & Pritchard and Chas. B. Spiner, all of Houston, for appellant.

Baker, Botts, Andrews & Parish, Wm. R. Brown and C. Brien Dillon, all of Houston, for appellee.

CODY, Justice.

This is an appeal from a judgment based on a directed verdict which was given at the conclusion of plaintiff's evidence, in response to defendant's motion.

The Action was brought by a nineteen year old minor, acting by next friend, against the defendant, which is the corporation which operates the bus system serving the public in the City of Houston.

The plaintiff alleged in substance that just after he and his girl—now wife—had become passengers on one of defendant's buses, on July 4, 1948, the driver kicked a drunken man off the bus, who was tendering himself as a passenger; that following such altercation, plaintiff urged the driver to close the front door of the bus, and proceed forward, but that the driver prolonged the altercation with the ejected person, and unreasonably delayed driving the bus away from the scene; that the driver leveled a pistol out of the door after the ejected person had hastily reboarded the bus and kicked the driver and then jumped off; that plaintiff "being in the range of probable fire stepped forward to arrest the downward movement of said pistol and begged said driver not to fire same and to close the door and move on with the bus," which the driver refused to do, "and while plaintiff was acting in his own safety * * *, and in an attempt to prevent a homicide, some one from outside of the bus forcefully threw a glass object or bottle into the open front door of the bus near where plaintiff, minor, was standing," which glass object struck against an iron part of the bus and broke, and a portion of it cut plaintiff's face, causing serious injuries, for which plaintiff sued. Plaintiff alleged that his injuries were proximately caused by the negligent acts and omissions of the bus driver, in these respects:

(a) That the driver precipitated an encounter with a third party, when in the exercise of reasonable prudence he should have driven the bus with the drunken party to where officers of the law could have dealt with him;

(b) That following said encounter, the driver in the exercise of reasonable prudence should have heeded plaintiff's request to close the front door of the bus, and thus have prevented plaintiff from being injured by the missile;

(c) The bus driver's refusal to promptly move forward with the bus away from the scene, and from the place where the ejected person was standing on the outside;

(d) That by prolonging the controversy and by raising a pistol, the driver invited the throwing of the bottle by a third party outside of the bus, after a rock had been thrown through the open door, and so prolonged the controversy when in the exercise of reasonable prudence the driver should have closed the door, and moved his bus away from the scene of the disturbance.

Plaintiff has predicated his appeal upon three points, which in substance are that there was evidence to raise the issue of defendant's liability, in that there was evidence:

(1) The bus driver, knowing there was a disturbance on the bus which he had negligently provoked,—and knowing of the

dangerous situation before plaintiff was injured, which might result in injury to a passenger,—he failed to close the front door in time to prevent the bottle being thrown in, and injuring plaintiff.

(2) That the driver wrongfully kicked the drunken person off the bus, out of which the rock throwing incident grew, and the violent throwing of the glass bottle, in violation of his duty to use a high degree of care for the safety of his passengers.

(3) From which it could be reasonably inferred that the bus driver should have foreseen the throwing of the bottle which injured plaintiff, or some like event causing damages to a passenger, as a result of his wrongful acts, and negligent omissions.

■■ Before summarizing the evidence which was adduced by plaintiff, it will be stated that the rule, for testing the correctness of the court's action in instructing a verdict at the conclusion of the plaintiff's evidence, is such evidence must be taken as true, and all inferences which can be reasonably drawn therefrom, favorable to plaintiff, must be indulged. And in passing on the evidence in this case, in order to determine whether the defendant has been guilty of actionable negligence,—which proximately caused plaintiff's damages, i. e., in order to determine whether the defendant has violated its duty to plaintiff,— it is to be borne in mind that plaintiff was a passenger on defendant's bus, to whom defendant owed the non-delegable duty of protection.

■ It is the duty of a carrier to protect its passengers, "so far as is possible by the exercise of a high degree of care, from violence and insults of other passengers and strangers, and from dangers created by the wrongful acts of third persons. When injury therefrom should be anticipated, the carrier's employees, in the performance of this duty, should take proper measures to protect passengers from the acts of intoxicated persons. * * * However, * * * the carrier is responsible in this class of actions only when its servants * * * knew or should have known of or anticipated the improper * * * conduct, and could have prevented the same or obviated any harmful results." Quoted with approval in Kerrville Bus. Co. v. Williams, Tex.Civ.App., 206 S.W.2d 262, 265 (writ refused, N.R.E.).

The evidence, stated most favorably to plaintiff, is to the effect:

A Saturday night dance was held at Acapulco Dance Hall in the City of Houston, and was attended by plaintiff and his girl, and other Latin Americans. There was some drinking done there. The dance turned out at 1:00 o'clock A.M. Plaintiff and his girl, and some ten or twelve others who had attended the dance boarded defendant's bus, at the first street intersection with Washington Avenue, which was about a half block west of Acapulco Dance Hall. The bus's route at this point was east, or toward downtown, on Washington Avenue. When plaintiff dropped his fares into the fare-box, a man who was "weaving" drunk was arguing with the driver, but was then peaceable. The driver was seated at the wheel, and, after all passengers had boarded the bus, kicked the man through the door, and started slowly moving the bus forward, with the front door still open. The bus had moved about thirty feet when the ejected man jumped back on, kicked the driver, and jumped off again. Someone from without,—when the bus had moved some thirty feet forward,—threw a rock through the open doorway of the bus. At least the plaintiff testified that the rock came through the doorway, though, in keeping with the season, all of the bus windows were open. The plaintiff, his wife, and another woman passenger urged the driver to close the door and move on.

Right after the rock was thrown in, the driver continued to move the bus slowly forward, drew a pistol, and kept it pointed out of the door. Plaintiff then cried out not to shoot his girl (he and his girl occupied the seat nearest the door, and were in the general direction in which the pistol was pointed). And plaintiff, whose seat was some two steps from the driver stepped over to the driver to expostulate. About that time, a glass object—presumably a

bottle—was hurled from the outside into the bus, and struck the iron piping or rod to which the fare-box is attached, and a portion of it broke off and was deflected *so as to gash plaintiff in the face, inflicting the injuries.*—From the time the rock had been thrown into the bus, until the glass bottle was hurled, the bus had moved about a hundred feet and was then about opposite the Dance Hall. It was also the evidence of plaintiff that the bottle came into the bus through the open door.

We overrule plaintiff's points. As indicated, the burden was on plaintiff to prove that the acts or omissions on the part of the bus driver, which he alleged were negligent, were violations of some duty which defendant owed him, and that the same constituted a proximate cause of his injuries. 30 Tex.Jur. 801; Comet Motor Freight Lines v. Holmes, Tex.Civ.App., 175 S.W.2d 464, Id., Tex.Civ.App., 203 S.W.2d 233. The Supreme Court held in Texas & P. Ry. Co. v. Bigham, 90 Tex. 223, 38 S.W. 162, 164, "It is generally held that, in order to warrant a finding that negligence * * * is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances." The Court goes on to comment that there must be an unbroken connection between the wrongful act and the injury— "a continuous operation." And in the cited case, which was for damages for failure to repair a defective fastening to the gate to the loading pen through which cattle escaped and trampled plaintiff when they became frightened, the Court said: "The active cause which produced the injury was wholly independent of the negligence of the defendant, and wholly disconnected from it."

Here the active cause of plaintiff's injury was the unlawful hurling of a missile into the bus by some unknown person from without. So far as plaintiff's evidence goes, the "weaving" drunk was ejected something in excess of 130 feet from the place where the glass bottle was hurled into the bus. There was no evidence that there was anybody outside of the bus from that point until the bus came opposite the Dance Hall. It is certainly as probable that some one of those standing before the Dance Hall hurled the glass bottle into the bus in violation of the law, as that the weaving drunk had followed up the bus and done so.

The fact that the rock had been hurled into the bus, at a point of some thirty feet from where the bus had started, would not support an inference that there had been such a hurling of missiles, so long continued, that the bus driver should have foreseen that his passengers stood in danger of injury from such a source if he did not put such conduct down, or remove the bus from the vicinity more speedily. There was simply no evidence of a melee.

It may be that driving the bus with its front door open was negligence in the method of its operation. But such method of operation was not the cause of the bottle being hurled into the bus, and there is no showing that closing it would have prevented such illegal action. If the bottle came through the door, that was the condition, and not the cause, of its entering the bus. See Houston & T. C. Ry. Co. v. Maxwell, 61 Tex.Civ.App. 80, 128 S.W. 160, 164 (error refused), where the court, in passing, took occasion to say "Doubtless Mary spoke the truth when she said to Jesus: 'If thou hadst been here, my brother would not have died.' Still it was sickness, and not the absence of Jesus, that caused the death of Lazarus." Merely closing the door of the bus would not have prevented a person who was intent upon hurling a missile into it, from doing so. Nor was the driver bound to anticipate such unlawful action under the facts proved.

There was no error in the Court's action in directing the verdict, and the judgment is affirmed.