Timothy BRYANT, Appellant,

v.

METROPOLITAN TRANSIT AUTHORITY, Appellee.

No. A14–86–331–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 4, 1986.

Philip F. Klosowsky, Houston, for appellant.

James C. Plummer, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

Timothy Bryant (Bryant), the appellant, sought damages from Metropolitan Transit Authority (MTA) for injuries he sustained. Bryant was riding on a bus owned by MTA when some passengers assaulted him.

Bryant alleged that the bus driver of MTA was negligent in failing both to exercise due care in preventing the assault and in mitigating the injuries he sustained. The trial court held that Bryant's claim was barred by the Texas Tort Claims Act, Tex. Civ.Prac. & Rem.Code Ann. §§ 101.-001–.109 (Vernon 1986). We determine that summary judgment was improperly granted and therefore reverse and remand the judgment of the trial court.

Common carriers that transport passengers for hire owe a high standard of due care to their passengers. MTA as a common carrier unquestionably would be liable on the facts alleged if it were not for the fact that MTA qualifies as a local government entity by virtue of Tex.Rev. Civ.Stat.Ann. art. 1118x, § 13A (Vernon Supp.1986).[1] *See Fuller v. Southwestern Greyhound Lines, Inc.*, 331 S.W.2d 455 (Tex.Civ.App.—Austin 1960, writ ref'd n.r. e.); *Bennevendo v. Houston Transit Co.*, 238 S.W.2d 271 (Tex.Civ.App.—Houston 1951, writ ref'd n.r.e.). Tex.Civ.Prac. & Rem.Code Ann. § 101.021 (Vernon 1986) of the Texas Tort Claims Act states:

A governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A) the property damage, personal injury, or death arises from the *operation or use* of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; *and*

(2) personal injury and death so caused by a condition *or use* of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law. (Emphasis added)

---

1. Section 13A makes the Texas Tort Claims Act applicable but cites to the prior non-codified statute. We hold that referring to "Texas Tort Claims Act, as amended" is sufficient to invoke the successor codified Act.

Interpreting the scope of the Texas Tort Claims Act has given the courts some difficulty. *See Salcedo v. El Paso Hospital Dist.*, 659 S.W.2d 30, 32 (Tex.1983); *Lowe v. Texas Tech University*, 540 S.W.2d 297 (Tex.1976). The legislature added to this difficulty when it codified the Tort Claims Act in the Civil Practice and Remedies Code. Previously the Tort Claims Act stated that government immunity was waived for damage caused from the operation or use of motor vehicles *or* the use of tangible property. *See* Tex.Rev.Civ.Stat.Ann. art. 6252–19, § 3 (repealed 1985). The Act now states that immunity is waived if the damage was caused from the operation or use of motor vehicles *and* the use of tangible property. We hold that "and the use of tangible property" must be interpreted to mean "or the use of tangible property." Tex.Civ.Prac. & Rem.Code Ann. § 1.001 (Vernon 1986) mandates all revisions to be without substantive change. Since article 6252–19, § 3 has been previously interpreted by the courts only to require damages resulting from operation or use of motor vehicles or use of tangible property, any interpretation to the contrary would result in a substantive change of the law in direct. contradiction to § 1.001. *See Salcedo*, 659 S.W.2d at 30.

■ We are aware of the cases holding that the enactment of a revision or a codification of a statute prevents the court from looking to the prior repealed statute unless an ambiguity or contradiction exists on the face of the statute. *See Carbide International, Ltd. v. State*, 695 S.W.2d 653, 656 n. 3 (Tex.App.—Austin 1985, no writ); *Waters v. Gunn*, 218 S.W.2d 235, 237–38 (Tex.Civ.App.—Amarillo 1949, writ ref'd n.r.e.). This is simply a restatement of the general rule that the intent of a statute may not be inquired into if the statute is clear on its face. We believe that this general proposition cannot be followed when a statute is codified and the legislature explicitly states that no substantive change in the law is intended. Enacting a codified statute, therefore, even if the statute is clear on its face, is not controlling if it results in a substantive change in the law

contrary to the direction of the code's preamble.

In any event, § 101.021 is sufficiently ambiguous to allow a court to look to the prior repealed law. Although it requires both subsection 1 and subsection 2 to be met in order for government liability to attach, the structure of § 101.021 belies this construction. Subsection 1 begins with the State being liable for "property damage, personal injury, and death." Subsection 2 states that the State is liable for "personal injury and death." If a conjunctive construction is given, the liability for property damage required by subsection 1 would never occur. This creates an ambiguity which allows us to evaluate article 6252–19 to garner the legislative intent.

In *Salcedo* the supreme court determined that subsection 2 of the Texas Tort Claims Act should be given a broad interpretation. *Salcedo*, 659 S.W.2d at 32. The Tort Claims Act grants government liability for injuries, proximately incurred by negligent use of government owned tangible property. Alleging negligent use of electrocardiogram machine proximately causing injury, therefore, was sufficient to fall within the waiver provisions of the Tort Claims Act. *Id.* at 33.

■ Likewise, Bryant alleged that he was injured as a result of the negligent use of tangible personal property. He alleged that the bus was negligently used and proximately caused him to suffer damage. This allegation is sufficient to come within both subsections 1 and 2 of the Act. Subsection 1 is also applicable since a bus qualifies as a motor vehicle. We believe that the legislature intended that a broad reading of subsection 1 as well as subsection 2 should be given to the Tort Claims Act. Alleging that a motor vehicle was misused and proximately caused injury is sufficient to meet subsection 1 waiver requirements.

The cases cited by MTA involving injuries incurred by assaults on school buses are not relevant. In *Estate of Garza v. McAllen Indep. School Dist.*, 613 S.W.2d

526 (Tex.Civ.App.—Beaumont 1981, writ ref'd n.r.e.),[2] a student was killed in a fight while he was riding a school bus. The court held that the school district was not liable for the death. We believe the result in *Garza* was correct. School districts are given much narrower liability under the Tort Claims Act. Tex.Civ.Prac. & Rem. Code Ann. 101.051 (Vernon 1986) excludes liability of torts for school districts "[e]xcept as to motor vehicles." The legislative purpose is to grant school districts very narrow liability. With this purpose in mind, we believe that this language means that a person must be injured by a motor vehicle in order to recover from a school district.[3] Bryant, however, has properly alleged a claim within the waiver provisions of the Tort Claims Act.

■ In addition, summary judgment was improper because the matter was outside the scope of summary judgment. The summary judgment was granted for failure to state a cause of action based on the pleadings. In *Texas Department of Corrections v. Herring*, 513 S.W.2d 6 (Tex.1974) the court stated that the correct procedure for objecting to failure to state a cause of action was by special exceptions. The plaintiff's right to amend cannot be circumvented by summary judgment. Bryant should have had the opportunity to allege a cause of action.

For the reasons set forth we reverse and remand the judgment of the trial court.

MURPHY, Justice, dissenting.

I respectfully dissent. The majority, in my opinion, is saying on the one hand that appellee properly alleged a claim within the waiver provisions of the Tort Claims Act. On the other, they say the summary judgment was granted for failure to state a cause of action based on its pleadings and appellee, therefore, should have had the opportunity to allege a cause of action.

Either appellee did or did not allege a claim. If he did, then summary judgment was improper if it was granted on the grounds on which the majority says it was granted.

I do not interpret the summary judgment as being granted on the basis that appellee failed to state a cause of action.

The Summary Judgment of the Court reads in pertinent part:

Upon review of their pleadings, arguments of counsel, affidavits and other summary judgment evidence on file herein, the Court is of the opinion that the liability of Defendant, Metropolitan Transit Authority, is governed by the provisions of the Texas Tort Claims Act, as amended, that Plaintiff's claim is not actionable under the waiver of immunity of the Texas Tort Claims Act and that Defendant is entitled to judgment as a matter of law.

Nowhere in the judgment is it said it is being granted on the basis that appellee failed to state a cause of action. Even if it was granted on that ground, I would still disagree with my brethren. The record reflects that appellant filed two documents as special exceptions. In its first, filed March 12, 1984, appellant complained that appellee's original petition did not apprise appellant of the actual amount of damages claimed, and only stated his damages exceeded the minimum limits of the Court. Appellant's second Special Exceptions, filed July 30, 1984, pointed out with specificity that appellee had not pled a cause of action so as to bring himself within the scope of the Texas Tort Claims Act. The pertinent exception read:

Defendant METROPOLITAN TRANSIT AUTHORITY excepts and objects to the entirety of Paragraph IV in which Plaintiff purports to outline the basis of his cause of action against Defendant by

---

**2.** *See also Hopkins v. Spring Indep. School Dist.,* 706 S.W.2d 325 (Tex.App.—Houston [14th Dist.] 1986, writ granted); *Pierson v. Houston Indep. School Dist.,* 698 S.W.2d 377 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.).

**3.** Of course the school district may be held liable for injuries incurred from punishment pursuant to Tex.Civ.Prac. & Rem.Code § 101.057 (Vernon 1986).

delineating the various acts of negligence upon which his claim is predicated. Defendant would show that as a rapid transit authority, it is subject to tort liability only to the extent waived by the Texas Tort Claims Act, Vernon's Ann. Civ.St. arts. 1118x, Sec. 13A (Supp.1984). Plaintiff's allegations of negligence in Paragraph IV of his petition fail to allege acts or omissions which fall within the scope of the Texas Tort Claims Act. Accordingly, Defendant request that Plaintiff be required to amend his pleadings stating specifically the acts or omissions forming the basis of his claim that are within the scope of this Act.

Although no formal order was entered by the trial court, the docket sheet reflects that on August 27, 1984, the court denied Defendant's special exceptions. In my opinion, appellant complied with *Texas Dept. of Corrections v. Herring*, 513 S.W.2d 6 (Tex.1974). How many special exceptions must a party file? Remarkable is the fact that appellant in his Response to Appellee's Motion for Summary Judgment stated:

> If the pleading is merely insufficient to state a cause of action, rather than showing an insurmountable barrier to recovery, its pleadings may only be attacked by the way of special exception.

> On July 27, 1984, Movant filed special exceptions, which encompassed the same legal grounds upon which the Movant bases this summary judgment motion. The presiding judge denied Movant's Special Exceptions on August 27, 1984.

I would hold that once a party files special exceptions giving the other party fair notice of a pleading defect and ample time to amend, the denial of the special exceptions does not preclude summary judgment being granted for failure to state a cause of action.

Another reason I dissent is my disagreement with the majority in holding that appellee's claim was not barred by the Texas Tort Claims Act, Tex.Civ.Prac. & Rem.Code Ann. §§ 101.001–.109 (Vernon 1986). Attached to appellee's Motion for Summary Judgment were excerpts from appellant's oral deposition in which he acknowledges that the bus driver had stopped the bus when the assault was taking place, refused to get involved in the affray and told appellee to get off of the bus. Appellant's pleadings alleged the "driver refused to take any action" to protect him and, following the fight, "told Plaintiff to leave the bus." He further alleged the bus driver failed to maintain a proper "lookout" "take proper precautions to prevent or mitigate" his injury and failed to exercise care "to protect passengers from violence." In my opinion, the summary judgment proof shows the altercation in which appellant was involved resulted solely from circumstances personal to him. It did not arise or result from the operation or use of the bus or the use of any other tangible property. Indeed, appellant's pleadings do not allege that a "use" of some tangible property or its "condition" was a contributing factor to his injury. I would hold that liability could not be imposed when injury merely took place on the motor vehicle and did not result from the negligent use or operation of it. *See Estate of Garza v. McAllen Independent School District*, 613 S.W.2d 526 (Tex.Civ.App.—Beaumont 1981, writ ref'd n.r.e.). The appellant's allegations and appellee's summary judgment proof may show there were perhaps errors in judgment on the part of the bus driver in failing to control and supervise the public, but the injuries to appellant were not caused by the operation or use of the motor vehicle. The bus was merely the site of the altercation; its use or operation did not cause it. *See Pierson v. Houston*, 698 S.W.2d 377 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.). Although the majority agrees the *Garza* holding was correct, it distinguishes *Garza* on the basis that the legislative purpose is to grant school districts very narrow liability. My reading of *Garza* and *Pierson* does not reveal such rationale as a basis for the holding in either case.