Foster Lee WADE, Jr., Janie Wade, Larry W. Wade, and Sandra Wade, Plaintiffs,

v.

TEXACO TRADING & TRANSPORTATION, INC., Phillips 66 Natural Gas Company, Koch Industries Inc., Alfred Pampell, County Management, Inc., Phillips Petroleum Company, First City Energy Finance Company, Defendants.

Civ. A. No. H–90–2438.

United States District Court, S.D. Texas, Houston Division.

Dec. 17, 1991.

L. Gene Sellers, Houston, Tex., for plaintiffs.

Robert J. Sinclair, Houston, Tex., for defendants Phillips 66 Natural Gas Co. and Phillips Petroleum Co.

Thomas M. Kirkendall, Madox, Perrin & Kirkendall, Houston, Tex., for defendants Pampell and County Management Inc.

Joe G. Roady, Houston, Tex., for defendants Texaco Trading & Transp. Inc. and Koch Industries Inc.

Guy Stanford Lipe, Vinson & Elkins, Houston, Tex., for third-party defendant First City Energy Finance Co.

Mary A. Keeney, Atty. Gen. Office, Austin, Tex., for intervenor-plaintiff State of Tex.

C. Sellers Aycock, III, Dallas, Tex., for intervenor-defendant CRM Energy, Inc.

## ORDER GRANTING SUMMARY JUDGMENT

KENT, District Judge.

## INTRODUCTION

On this date came on to be heard all Motions for Summary Judgment filed by the Defendants, all Motions for Declaratory Judgment filed by parties on each side, all responses and replies to said Motions, and the State of Texas' Response to All Parties' Challenges to Section 161.227 of the Texas Natural Resource Code. After carefully reviewing all of these documents and the supporting material, it is clear to the Court that all parties agree that whether or not this case is to be disposed of at the summary judgment stage is to be determined by one question: Does Section 161.227 render the Oil and Gas Lease at the heart of this litigation void? If so, summary judgment in favor of the Defendants would be inappropriate and the case in all its particulars would advance to trial. If not, summary judgment would be proper and this entire case would be dismissed. Because the Court is of the opinion that the lease in question is not void under Section 161.227, summary judgment is HEREBY GRANTED in favor of all Defendants.

## BACKGROUND

Because the parties agree to the basic facts of this case, have filed two sets of fact stipulations, and agree that the controlling issue in this case is ripe for summary judgment, the Court does not feel that a detailed fact discussion is necessary.

In 1976, the Plaintiffs purchased the surface estate and ½ of the mineral estate in a 75 acre tract of land located in Lee County, Texas. The purchase was the result of an assignment of a veteran's purchase rights under the Veterans Land Board Program. On February 20, 1978, the Plaintiffs executed an oil and gas lease naming Defendant County Management, Inc. as Lessee. The lease was for a primary term of five years, but contained a handwritten provision which read "Lessor hereby and herein grant Lessee an additional five (5) year option under the same terms as the first five (5) years." County Management exercised the option in February, 1983 by paying a bonus to the Plaintiffs. In 1984, during the second five-year lease period, a well was drilled which produced both oil and gas. Defendant Texaco Trading and Transportation Inc. (TTTI) and Defendant Koch Industries purchased the oil, and Defendant Phillips Petroleum (and later Defendant Phillips 66 Natural Gas Company) purchased the gas. Royalty checks for the oil and gas have been paid to the Plaintiffs.

In March, 1990 the Plaintiffs filed this suit seeking a declaration that the lease is void under Section 161.227. On the basis of their claim that the lease is void, the Plaintiffs have asserted causes of action for common law fraud, statutory fraud, negligence and conversion.

The Defendants argue that the lease is not void under Section 161.227, that the Plaintiffs ratified the lease, and that, in the event the Court decides that the lease *is* void, Section 161.227 is unconstitutional. Because the Court has decided that the lease is *not* void under Section 161.227, the Defendants alternative arguments need not be reached.

## SUMMARY JUDGMENT GENERALLY

Because the parties agree that the facts relevant to the determination of the validity of the lease are not in dispute,[1] the

---

1. In their response to the summary judgment motion of TTTI and Koch, the Plaintiffs state that "the disputed facts do not appear to raise fact questions which would prevent the consideration of Defendants' Motion. Plaintiffs concur with Defendants ... that the issues raised by Defendants' Motion are legal issues which are ripe for determination through the mecha-

Court need not enter into a discussion about the standards and burdens at the summary judgment stage. It is clear that there are no material fact issues, and that the only issue is whether the lease is void under Section 161.227.

DISCUSSION

The Court agrees with the Defendants that this is a question of first impression, and one that requires the Court to engage in "statutory construction," which this Court undertakes reluctantly, expressly noting that the statute involved is a law of the State of Texas which the Texas Supreme Court has not yet considered. Although the Plaintiffs assert that *McPhail v. Texas Architectural Aggregate, Inc.*, 573 S.W.2d 893 (Tex.Civ.App.—Eastland 1978, no writ) partially addresses the question at hand, the Court expressly notes that the *McPhail* Court was not addressing an oil and gas lease in light of Section 161.227, and that the case has no precedential value whatsoever.

The Natural Resources Code (the Code), portions of which codified legislation from the Veterans Land Program, was adopted in 1977. In 1978, the year the lease in question went into effect, Section 161.227 of the Code read as follows:

(a) No land purchased under this chapter may be leased by the purchaser for a term of more than 10 years except for oil, gas, and other minerals and as long after 10 years as minerals are produced from the land in commercial quantities.
(b) No lease may contain a provision for option or renewal of the lease or re-lease of the property for any term, and the taking of an option, renewal, or re-lease agreement in a separate instrument to take effect in the future is prohibited. A lease or instrument that contains an option, renewal, or re-lease agreement in violation of this section is expressly declared to be void.

The Plaintiffs claim that subsection (b) prohibits options in *all* leases, thereby rendering the lease in this case void. The Defendants argue that the language in subsection (a) excluding oil, gas, and other miner-

al leases also excludes such leases from the prohibitions in subsection (b).

In order to determine which party is correct, the Court must look at relevant legislation that preceded Section 161.227. The language that was later codified in Section 161.227 was first adopted by the Texas Legislature in 1955, in Section 17 of Article 5421m of the Texas Revised Civil Statutes. The relevant portion of Section 17, as it existed in 1955, read as follows:

Any land purchased under the provisions of this Act may not be leased by the purchaser for any term exceeding ten (10) years except for oil, gas or other minerals and so long thereafter as any minerals may be produced therefrom in commercial quantities, and no such lease shall contain any provision for option or renewal of such lease or re-lease of such property for any term. The taking of any option, renewal or re-lease agreement in a separate instrument to take effect in the future is prohibited; and any such lease or instrument containing such an option, renewal or re-lease agreement executed after the effective date of this Act in violation hereof is expressly declared to be void.

Although Section 17 was amended a few times through the years, none of the changes were material.

Section 1.001 of the Tex.Civ.Prac. & Rem.Code Ann. states that the purpose of the Code is to revise "the state's general and permanent statute law without substantive change." As noted in *Johnson v. City of Fort Worth*, 774 S.W.2d 653, 654–55 (Tex.1989), "[w]hen a conflict exists between a former statute and a revision made pursuant to the legislature's directive to the Texas Legislative Council to make a nonsubstantive revision of the statutory law, *the former statute will control.*" (emphasis added). Furthermore, despite the general rule that statutory intent will not be considered when a statute is clear on its face, "this general proposition cannot be followed when a statute is codified and the legislature explicitly states that no sub-

nism of a motion for summary judgment." (In-

strument # 45, at 2).

stantive change in the law is intended." *Bryant v. Metropolitan Transit Authority*, 722 S.W.2d 738, 740 (Tex.Civ.App.—Houston 1986, no writ). Finally, when determining the meaning of a statute, courts cannot consider only a portion of the statute, but must consider the statute in its entirety. *Barr v. Bernhard*, 562 S.W.2d 844, 849 (Tex.1978).

It is with the above cases in mind that the Court reaches its decision that Section 161.227 does not prohibit options in oil and gas leases. Although a reading of subsection (b) alone does, as the Plaintiffs argue, seem to prohibit options in any and all leases, this conclusion is not so apparent after a reading of Section 161.227 in its entirety, especially in light of the prior legislation. The 1978 version omitted crucial phrases from the 1955 version which tied the exception of oil and gas leases from the ten-year limitation with the language prohibiting options.[2] The Court reads the 1955 version as excluding oil and gas leases from *both* the ten-year limitation and the prohibition against options. Therefore, pursuant to the case law discussed above, the Court cannot permit a reading of the 1978 version that would change the substance of the 1955 version. Furthermore, the Court is convinced that the last sentence of subsection (b), which reads, in part, "in violation of *this section*" ties subsections (a) and (b) together, and requires Section 161.227 to be read in its entirety.

Despite the above analysis, the Court would like to note that it places considerable weight on the neutral position of the State of Texas. Although the State supports the above analysis, it has also presented even more convincing evidence that the lease is not void under Section 161.227. The State points out that Section 17 (now Section 161.227) concerns *surface leases*, while an entirely separate section, Section 18 (now Section 161.228) concerns *oil and gas leases*. Section 161.228(b), as it existed in 1978, read as follows:

> No oil, gas or mineral lease may be for a primary term of more than 10 years and the lease may provide that it shall remain in force as long as production is obtained in paying quantities.

Neither Section 18 (1955 version) nor its codification in Section 161.228 (1978 version) prohibits options in oil and gas leases. In fact, Section 161.228(b) seems to contemplate the possibility of options in oil and gas leases because the 10 year limitation applies only to the *"primary term"* of the lease. It is clear to the Court that, had the Texas Legislature intended to prohibit options in oil and gas leases, it would have done so in Section 161.228(b) where it explicitly discusses the intended limitations on oil and gas leases. This conclusion is further supported by the express exclusion of oil and gas leases from the limitations in Section 161.227.

For the foregoing reasons, the Court HEREBY DECLARES that Section 161.227 does not prohibit options in oil and gas leases similar to the one at the heart of this litigation. As a result, the Court finds that the lease is valid and that the Plaintiffs claims must fail as a matter of law. Therefore, summary judgment is HEREBY GRANTED in favor of all Defendants and this case is HEREBY DISMISSED.

IT IS SO ORDERED.

---

2. The 1978 version split the 1955 version into two separate subsections. In doing so, the 1978 version omits "and no such" and "and any such", phrases that made the exclusion of oil and gas leases from the ten year limitation also apply to the prohibition against options.