CITY OF HOUSTON, Appellant,

v.

**Jose VARGAS and Maria Vargas, Individually and as Heirs of Jose Vargas, Jr., Appellees.**

No. 01–04–01173–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 16, 2006.

Andrea Chan, Assistant City Attorney,
Arturo G. Michel, City of Houston, City

Attorney, Robert Cambrice, Assistant City Attorney, Houston, TX, for Appellant.

Michael R. Wadler, Houston, TX, for Appellees.

Panel consists of Justices NUCHIA, KEYES, and HANKS.

## OPINION

EVELYN V. KEYES, Justice.

Appellant, the City of Houston, brings an interlocutory appeal challenging the trial court's order that denied the City's plea to the jurisdiction. In one issue on appeal, the City argues that the trial court erred by denying its plea to the jurisdiction because appellees, Jose Vargas and Maria Vargas, individually and as heirs of Jose Vargas, Jr. (plaintiffs), did not plead specific facts that alleged a cause of action against the City.

We affirm.

## Background

On October 31, 2003, while Officer R.K. Butler of the Houston Police Department was working off-duty-security at the AMC Theater Studio 30 in Houston, Jose Vargas, Jr. drove his vehicle into the parking lot of the theater. When Vargas later exited the theater parking lot and stopped at the intersection of Dunvale and Westheimer, Officer Butler approached Vargas's car with his service firearm drawn. After Officer Butler put his firearm through the window of Vargas's vehicle, the gun discharged, killing Vargas.

The parents of Vargas sued the theater and the Houston Police Department. Plaintiffs later nonsuited the police department and added the City of Houston as a defendant. The City filed a plea to the jurisdiction that the trial court denied. The City appeals from this order.[1]

## Standard of Review

Subject-matter jurisdiction is essential for a court to have the authority to resolve a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). The plaintiff has the burden to plead facts affirmatively showing that the trial court has subject-matter jurisdiction. *Id.* at 446. A party may challenge a court's subject-matter jurisdiction by filing a plea to the jurisdiction. *See Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638–39 (Tex.1999). We review the trial court's ruling on such a plea de novo, as a question of law. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998). In conducting this de novo review, we do not examine the merits of the plaintiff's case, but consider only the plaintiff's pleadings and the evidence pertinent to the jurisdictional inquiry. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex.2002). We construe the pleadings liberally in favor of conferring jurisdiction. *Tex. Dept. of Transp. v. Ramirez*, 74 S.W.3d 864, 867 (Tex.2002).

1. The City asserts that "[b]ecause plaintiffs failed to cure the defects after being given the opportunity to amend, dismissal with prejudice was proper." The City is apparently arguing that the trial court should have dismissed the plaintiffs' suit because it did not comply with the City's special exceptions. The record reflects that the trial court previously granted the City's special exceptions and allowed the plaintiffs an opportunity to amend their pleadings. Whether the trial court should have dismissed the suit on special exception grounds is not before us because, among other reasons, pursuant to our statutory authority, we have interlocutory jurisdiction to address only whether the trial court properly denied the City's plea to the jurisdiction. *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(8) (Vernon Supp.2005).

## Sovereign Immunity[2]

■ Sovereign immunity protects the State, its agencies and officials, and political subdivisions of the State from suit arising from their performance of their governmental functions, unless immunity from suit has been waived. *Fed. Sign v. Tex. Southern Univ.*, 951 S.W.2d 401, 405 (Tex. 1997); *San Antonio Indep. Sch. Dist. v. McKinney*, 936 S.W.2d 279, 283 (Tex. 1996). A city is a political subdivision of the State. Tex. Civ. Prac. & Rem.Code Ann. § 101.001(3)(B) (Vernon 2005); *McKinney*, 936 S.W.2d at 283.

■ The sovereign immunity of the State inures to the benefit of a municipality insofar as the municipality engages in the exercise of governmental functions, except when that immunity has been waived. *City of Tyler v. Likes*, 962 S.W.2d 489, 501 (Tex.1997). Governmental functions are " 'public acts which the municipality performs as the agent of the State in furtherance of general law for the interest of the public at large.' " *Truong v. City of Houston*, 99 S.W.3d 204, 209 (Tex.App.-Houston [1st Dist.] 2002, no pet.) (quoting *Bailey v. City of Austin*, 972 S.W.2d 180, 192 (Tex. App.-Austin 1998, pet. denied)); Tex. Civ. Prac. & Rem.Code Ann. § 101.0215(a) (Vernon 2005) (stating that governmental functions "are those functions that are enjoined on a municipality by law and are given it by the state as part of the state's sovereignty, to be exercised by the municipality in the interest of the general public"). "[I]t is the Legislature's sole province to waive or abrogate sovereign immunity." *Tex. Nat. Resource Conservation Commn. v. IT–Davy*, 74 S.W.3d 849, 853 (Tex.2002) (quoting *Fed. Sign*, 951 S.W.2d at 409). A

political subdivision's immunity from suit arising from the performance of a governmental function can be waived only by legislative consent or constitutional amendment. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 695 (Tex.2003); *Fed. Sign*, 951 S.W.2d at 405. Such a waiver must be expressed "by clear and unambiguous language." Tex. Gov't Code Ann. § 311.034 (Vernon 2005); *Fed. Sign*, 951 S.W.2d at 405 (quoting *Univ. of Tex. Med. Branch v. York*, 871 S.W.2d 175, 177 (Tex. 1994)).

Under the Texas Tort Claims Act (TTCA), the City of Houston is liable for personal injuries "caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." Tex. Civ. Prac. & Rem.Code Ann. § 101.021(2) (Vernon 2005); *see id.* § 101.025 (Vernon 2005) (waiving governmental immunity from suit "to the extent of liability created by this chapter"). The Supreme Court of Texas has held that "the Tort Claims Act does not create a cause of action; it merely waives sovereign immunity as a bar to a suit that would otherwise exist." *City of Tyler v. Likes*, 962 S.W.2d 489, 494 (Tex.1997).

■ In their fourth amended petition, the plaintiffs predicated the City's waiver of governmental immunity on section 101.021(2) of the TTCA. Section 101.021 provides that a governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

**2.** The terms sovereign immunity and governmental immunity are often used synonymously and interchangeably without distinction. However, the supreme court has noted that sovereign immunity refers to the State's immunity from suit and liability and protects the State and its divisions, while governmental immunity protects political subdivisions of the State, including counties, cities, and school districts. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n. 3 (Tex.2003).

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(1)(A)(B), (2).

The City argues that plaintiffs have not sufficiently pled a cause of action against the City because plaintiffs have not pled that Officer Butler was acting in the scope of his employment with the City. The City contends that plaintiffs are "attempting to avoid the consequences of a new statute TEX. CIV. PRAC. & REM.CODE ANN. § 101.106 [ (Vernon 2005) ] which does not allow for maintenance of a lawsuit against the governmental unit and its employee pursuant to the Texas Tort Claims Act." [3]

The plaintiffs respond that they adequately pled a cause of action against the City. In their fourth amended petition, plaintiffs state the following:

Plaintiffs allege that at all times relevant to this cause of action, R.K. Butler was acting in furtherance of his duties as a security guard for AMC Theaters Studio 30. Nevertheless, Plaintiffs are also aware that the law may recognize that at the time of this occurrence, R.K. Butler was acting as a Police Officer for the City of Houston. In the unlikely event that R.K. Butler is determined to have been acting as a Houston Police Officer at the time of this incident, suit against the City of Houston is brought pursuant to Texas Civil Practice and Remedies Code § 101.021(2), the Texas Tort Claims Act because the death of Jose Vargas occurred as a result of the misuse of tangible personal property, a handgun, by Richard K. Butler. Plaintiffs will show that Richard Butler was negligent in the manner in which he handled his weapon, a handgun, which resulted in an accidental discharge. Plaintiffs will further show that this defendant is not entitled to official immunity because no reasonable peace officer would have believed that the actions of Richard Butler were justified.

The Rules of Civil Procedure allow a party to plead in the alternative. TEX.R. CIV. P. 48; *see also Waite Hill Servs., Inc. v. World Class Metal Works, Inc.,* 959 S.W.2d 182, 184 (Tex.1998). After reviewing plaintiffs' fourth amended petition and construing it liberally, we conclude that plaintiffs pled facts sufficient to show a cause of action against the City. Specifically, the plaintiffs pled in the alternative, that if Officer Butler is determined to be acting as a police officer for the City at the time of the incident, suit is against the City pursuant to section 101.021(2).

We overrule the City's sole issue on appeal.

### Conclusion

We affirm the judgment of the trial court.

---

**3.** Section 101.106 provides "If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." TEX. CIV. PRAC. & REM.CODE ANN. § 101.106(e) (Vernon 2005).