NO. 07-06-0094-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

NOVEMBER 27, 2007

_____

REBECCA HERNANDEZ, APPELLANT

V.

THE CITY OF LUBBOCK AND BLAKE LITTLEJOHN, APPELLEES
_____

FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-529,164; HONORABLE SAM MEDINA, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.[1]

**OPINION**

In the suit appellant Rebecca Hernandez brought against the City of Lubbock and Blake Littlejohn, the trial court granted summary judgment in favor of the City and dismissed her claims against Littlejohn. On her appeal, we affirm the judgment for the City, and reverse as to her claims against Littlejohn.

---

[1] Justice Hancock not participating. Tex. R. App. P. 41.

Factual and Procedural Background

Hernandez's suit arose from events that occurred in June 2004 when Littlejohn, then a uniformed Lubbock policeman, made a nighttime traffic stop of Hernandez's vehicle. She alleged that Littlejohn, in the back seat of his patrol car, required her to masturbate him after she refused his demand that she perform oral sex. After the events, Littlejohn resigned from the police force, and plead guilty to misdemeanor harassment. Hernandez's petition alleged Littlejohn committed the intentional torts of sexual assault and battery against her, and alleged the City negligently supervised Littlejohn and was negligent in other respects. She alleged Littlejohn's actions caused her extreme mental anguish and bodily injury. Her petition makes clear that she sued Littlejohn in his individual capacity and sued the City under the Texas Tort Claims Act.[2]

Littlejohn filed a motion to dismiss pursuant to section 101.106(e) of the Tort Claims Act. Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e) (Vernon 2005). Hernandez responded and, after a hearing, the court granted the motion and dismissed her claims against Littlejohn with prejudice.[3]

The City of Lubbock later filed a motion for summary judgment. The trial court granted the City's motion and signed the final judgment made the subject of this appeal.

---

[2] Tex. Civ. Prac. & Rem. Code Ann. § 101.001 *et seq*. (Vernon 2005).

[3] Hernandez attempted to appeal the dismissal of Littlejohn. We dismissed the appeal for want of jurisdiction because her claims against the City of Lubbock were still pending in the trial court. *Hernandez v. City of Lubbock,* 2005 WL 3434053 (Tex. App.–Amarillo 2005, no pet.) (memo. op.).

Hernandez brings three appellate issues challenging the trial court's dismissal of her claims against Littlejohn, and by her fourth issue contends the court erred by granting summary judgment for the City.

Analysis

*Motion to Dismiss Pursuant to Section 101.106(e)*

By her first issue, Hernandez contends in part that the trial court erred by granting the motion to dismiss because it was filed by Littlejohn rather than the City. We agree and find the contention dispositive of Hernandez's appeal of the dismissal.[4]

The issue raises a question of law, so we will review the dismissal *de novo. See In re Doe,* 19 S.W.3d 249, 253 (Tex. 2000) (determining applicable standard of review based on substance of issue to be reviewed); *Johnson v. City of Fort Worth,* 774 S.W.2d 653, 655-56 (Tex. 1989) (matters of statutory construction are questions for the court); *Buck v. Blum,* 130 S.W.3d 285, 290-91 (Tex.App.–Houston [14th Dist.] 2004, no pet.) (to the extent resolution of an issue requires interpretation of statute itself, *de novo* standard applies).

As pertinent here, section 101.106 of the Tort Claims Act reads as follows:

(a)     The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and

---

[4] Hernandez also contends dismissal was improper because her claims against Littlejohn and those against the City did not involve the same subject matter. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(a), (b) (Vernon 2005). We do not address this contention.

3

forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.

(b)    The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents.

\*    \*    \*

(e)    If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

Littlejohn's motion to dismiss asserted that section 101.106 required Hernandez to make an irrevocable election between a suit against the City[5] under the Tort Claims Act and a suit against Littlejohn, a City employee at the time the claims arose. Littlejohn's motion cited section 101.106(e) for the proposition that if suit is filed against both a governmental unit and an employee, the employee is entitled to dismissal "on the filing of a motion."

Hernandez objected in the trial court, and asserts on appeal, that section 101.106(e) provides for dismissal only "on the filing of a motion by the governmental unit" when a

---

[5] *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.001(3)(B) (Vernon 2005) (defining a governmental unit to include a city).

4

plaintiff sues both the employee and the governmental unit regarding the same subject matter.

Littlejohn contends that, considered together, sections 101.106(a) and 101.106(e) warranted dismissal of the claims against him. Acknowledging that section 101.106(e) mandates dismissal in the circumstances described in that section when the governmental unit moves for its dismissal, he nonetheless asserts that nothing in section 101.106(e) prohibits a trial court from dismissing an action barred by section 101.106(a) simply because the employee, rather than the governmental unit, moves to dismiss.

In support of his position, Littlejohn quotes language from several cases applying section 101.106(e). His reading of the cases leads him to conclude that courts have construed section 101.106(e) to provide for dismissal on the motion of any defendant. For instance, Littlejohn points to the statement in *Waxahachie Independent School District v. Johnson*, 181 S.W.3d 781 (Tex.App.–Waco 2005, pet. filed), that "Upon the motion of *either the government or the employees*, a plaintiff is forced to proceed against the government alone . . . ." in the three circumstances there described. *Id*. at 785. We do not read the *Waxahachie ISD* opinion to suggest that the identity of the movant is unimportant under section 101.106(e).[6] In the quoted sentence from that opinion, the court cites and quotes the opinion of the Beaumont court in *Villasan v. O'Rourke*, 166 S.W.3d 752 (Tex.App.–Beaumont 2005, pet. filed). The sentence from *Villasan* quoted in *Waxahachie ISD* comes from the Beaumont court's discussion of the "procedural right" created by the

---

[6] We note also that *Waxahachie ISD* involves dismissal of the governmental unit, not the employees. *Waxahachie,* 181 S.W.3d at 785.

provisions of section 101.106. *Villasan,*166 S.W.3d at 758. That discussion carefully distinguishes the aspects of the procedural right subject to the governmental unit's election from those subject to that of the employee. Referring to section 101.106(f), the court notes that the statute "allows the governmental employee whose conduct is alleged to have been within the scope of employment to force the plaintiff to amend the suit and name the governmental entity as the sole defendant." *Id*. It follows that statement with one addressing section 101.106(e), stating, "The statute allows the government, when both the government and the employee are sued, to force the plaintiff to drop the employee from the suit. *Id*., citing § 101.106(e). Summarizing the statutory provisions creating the "procedural right," the court then states, "At the election of the government or the employee, the *respective* defendant may force the plaintiff to proceed" in Texas Tort Claims Act cases, in the manner described in section 101.106. *Id*. (emphasis ours).

We see nothing in the *Villasan* opinion construing section 101.106(e) to provide for dismissal of an employee on the motion of any but the governmental unit defendant. To the contrary, *Villasan* makes clear that it was the filing of a motion by the governmental unit that entitled the employee to dismissal. *Id*. Likewise, the court in *Waxahachie ISD*, following its quote from the *Villasan* opinion, states, "The decisions have held that once the government files a motion to dismiss the employees under section 101.106(e), the trial court must grant the motion and dismiss the employees from the suit. *Waxahachie,* 181 S.W.3d at 785, citing, *inter alia*, *Villasan*, 166 S.W.3d at 761-62. Nor do we agree that *Waxahachie ISD* should be read as supporting Littlejohn's contention that his motion under section 101.106(e) warranted dismissal of Hernandez's suit against him.

6

Littlejohn also cites language from several federal court cases applying section 101.106, including *Martinez v. Center for Health Care Services,* No. SA-04-CA-0412-RF, 2005 WL 1168433 (W.D. Tex. May 17, 2005); *Hernandez v. Duncanville School Dist.*, No. Civ. A. 3:04-CV-2028-BH, 2005 WL 723458 (N.D. Tex. March 29, 2005); *Barnes v. Barnes*, No. Civ. A. 103CV231-C, 2004 WL 691202 (N.D. Tex. March 30, 2004); and *Livingston v. DeSoto Ind. School Dist.,* No. Civ. A. 3:04-CV-1818, 2004 WL 2964977 (N.D. Tex. Dec.15, 2004). None of those cases address the significance of the identity of the movant under section 101.106(e). Moreover, each involves rulings on motions filed by multiple defendants that include governmental entities.[7] We do not find in them even persuasive support for Littlejohn's position.

We similarly find Littlejohn's reliance on section 101.106(a) unpersuasive. As noted, section 101.106(a) provides that the filing of a suit under the Tort Claims Act against a governmental unit constitutes the plaintiff's irrevocable election, "immediately and forever" barring any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter. Littlejohn asserts that Hernandez's act of filing suit against the City under the Tort Claims Act barred her suit against him, authorizing the trial court to dismiss it on his motion.

---

[7] For example, *Barnes* indicates that the motion being addressed asked that the City of Abilene be substituted as a defendant for the Abilene police department, and indicates also that the mayor of Abilene, sued in his official capacity, was among the movants. *Barnes,* 2004 WL 691202 at *7. The motion addressed in *Barnes*, seeking relief both on behalf of governmental and employee defendants, cannot fairly be compared with Littlejohn's motion relying on section 101.106(e), and the opinion addressing the motion sheds no light on the question before us.

7

When required to construe a statute, we must read the legislative enactment as a whole, giving effect to all its provisions. *Liberty Mut. Ins. Co v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex. 1998) (in construing a statute, we look to the plain and common meaning of the words, giving full effect to each term in context); *State v. Kingsbury,* 129 S.W.3d 202, 204-05 (Tex.App.–Corpus Christi 2004, no pet.) (statute should be considered in entirety when determining the meaning of its component parts). Section 101.106(a) does indeed provide that a plaintiff makes an irrevocable election of remedies by filing suit against a governmental unit under the Tort Claims Act. But section 101.106(e) provides the equally clear instruction that when suit is filed under the Tort Claims Act against both the governmental unit and its employee, the employee shall immediately be dismissed on the filing of a motion by the governmental unit.

Under Littlejohn's reading of the statute, section 101.106(e)'s express provision for dismissal on the motion of the governmental unit is unnecessary. Under his view, the plaintiff's irrevocable election under section 101.106(a) of the remedy of suit against the governmental unit under the Tort Claims Act is to be enforced by the trial court's dismissal of the employee, without the necessity for action by the governmental unit. As this Court recently said when called on to construe another part of section 101.106, "we opt to give substance to the legislature's words." *Clark v. Sell ex rel. Sell,* 228 S.W.3d 873, 875 (Tex.App.–Amarillo 2007, pet. filed) (construing section 101.106(f)).

Littlejohn's pleadings do not assert any basis for his immunity from suit or liability outside the provisions of section 101.106. As the record stands, Littlejohn's assertion of

8

immunity from Hernandez's suit is thus dependent on the terms of section 101.106.[8]
Because Littlejohn seeks protection in the statute against Hernandez's common-law claims
of intentional tort, brought against him in his individual capacity, the law properly requires
his compliance with the terms of the statute. *See Employees Retirement Sys. of Tex. v.
Blount,* 709 S.W.2d 646, 647 (Tex. 1986); *Kennedy v. Andover Place Apts .,* 403 S.W.3d
495 (Tex.App.–Houston [14th Dist.] 2006, no pet.); *Perkins v. Group Life & Health Ins. Co.,*
49 S.W.3d 503, 506 (Tex.App.–Austin 2001, pet. denied) (all applying precept that
statutory provisions of a cause of action derived from statute, not common law, are
mandatory and exclusive and must be complied with in all respects). The terms of the
statute provide for his dismissal from the suit filed both against him and the City on the
filing of a motion by the governmental unit. In the absence of a motion filed by the City,
Littlejohn was not entitled to dismissal pursuant to section 101.106.[9] Because section
101.106 was the only basis on which Littlejohn sought dismissal, the trial court erred by
dismissing Hernandez's claims against him. Accordingly, we sustain Hernandez's first
issue.

Hernandez's second issue on appeal asserts dismissal of her claims against
Littlejohn deprived her of rights guaranteed by the Texas Constitution, and her third issue

---

[8] By contrast, the City of Lubbock benefits from governmental immunity when it engages in governmental functions, except when that immunity has been waived. *City of Houston v. Vargas,* 193 S.W.3d 143, 146 (Tex.App.–Houston [1st Dist.] 2006, pet. denied) (*citing City of Tyler v. Likes*, 962 S.W.2d 489, 501 (Tex. 1997)).

[9] *See Tex. Dep't of Ag. v. Calderon,* 221 S.W.3d 918, 924 n.6 (Tex. App.–Corpus Christi 2007, no pet h.) (noting § 101.106(e) "not implicated" when motion to dismiss filed by employee rather than governmental unit).

complains of the trial court's failure to make findings of fact and conclusions of law with regard to the dismissal. Given our sustaining of her first issue, we do not reach Hernandez's second and third issues. Tex. R. App. P. 47.1.

*City of Lubbock's Motion for Summary Judgment*

Hernandez's last issue on appeal asserts that the trial court erred in granting the City of Lubbock's motion for summary judgment. Hernandez's petition alleged the City was responsible for Littlejohn's conduct because he was in the course and scope of his employment when he stopped her, and alleged the City negligently supervised Littlejohn in several respects. As noted, all her claims against the City were asserted under the Texas Tort Claims Act. Tex. Civ. Prac. & Rem. Code Ann. § 101.001, *et seq*. (Vernon 2005).

In its answer, the City plead its immunity as an affirmative defense.[10] The City filed a traditional motion for summary judgment and a plea to the jurisdiction,[11] both asserting

---

[10] Immunity from liability is an affirmative defense, while immunity from suit deprives a court of subject matter jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). Under the Tort Claims Act, the two immunities are co-extensive. *Id*. The statute states: "Sovereign immunity to suit is waived and abolished to the extent of liability created by this chapter," and "A person having a claim under this chapter may sue a governmental unit for damages allowed by this chapter." Tex. Civ. Prac. & Rem. Code Ann. § 101.025(a), (b) (Vernon 2005).

[11] Governmental entities, such as the City, are immune from suit unless the legislature has expressly consented to the suit. *Harris County v. Sykes,* 136 S.W.3d 635, 638 (Tex. 2004). The party suing the governmental entity must establish consent to suit, which may be alleged either by reference to a statute or to express legislative permission. *Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex. 1999). Absent consent to suit, a trial court lacks subject matter jurisdiction. *Id.*

it had immunity from Hernandez's suit because none of her claims came within the limited waiver of immunity provided by the Tort Claims Act. The trial court denied the plea to its jurisdiction but granted the summary judgment motion.

By its summary judgment motion, the City contended Hernandez's suit arose out of Littlejohn's commission of intentional torts and were thus excluded from the Tort Claims Act pursuant to § 101.057(2).[12] The City also contended that, even assuming the intentional tort allegations were not a bar to the suit, Hernandez's claims did not come within those described in § 101.021 of the Tort Claims Act[13] because they arose neither from Littlejohn's use of his patrol car nor from the use of any other tangible personal property.

Our review of a summary judgment is *de novo* to determine whether the movant established the absence of a genuine issue as to any material fact and its entitlement to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Cathey v. Booth,* 900 S.W.2d 339, 341 (Tex. 1995); *Dickey v. Club Corp. of Am.,* 12 S.W.3d 172, 175 (Tex.App.–Dallas 2000, pet. denied). We take as true all evidence favorable to the non-movant, and indulge every reasonable inference and resolve any doubt in the non-movant's favor. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548-49 (Tex. 1985). Where the movant is a defendant, it must negate at least one essential element of the plaintiff's cause of action. *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). Likewise, a

---

[12] Tex. Civ. Prac. & Rem. Code Ann. § 101.057 (2) (Vernon 2005).

[13] Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon 2005).

11

defendant who conclusively establishes each element of an affirmative defense is entitled to summary judgment. *Id.*

Once the movant has established a right to summary judgment, the non-movant has the burden to respond to the motion for summary judgment and present any issues which would preclude summary judgment. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex. 1979). Thus, when an affirmative defense like governmental immunity is established, the burden of raising a disputed fact issue shifts to the non-movant. *EPGT Texas Pipeline, L.P. v. Harris Cty. Flood Control Dist.*, 176 S.W.3d 330, 335 (Tex.App.–Houston [1st Dist.] 2004 pet. dism'd); *Medrano v. City of Pearsall, 989* S.W.2d 141 (Tex. App.–San Antonio 1999, no pet.) (*citing Ager v. Wichita General Hosp*., 977 S.W.2d 658, 660 (Tex. App.–Fort Worth 1998, no pet.)).

It is undisputed the functions being performed by the City pertinent to Hernandez's suit were governmental in nature, entitling it to governmental immunity absent a waiver of immunity. Tex. Civ. Prac. & Rem. Code Ann. § 101.0215 (Vernon 2003); *see City of Galveston v. State*, 217 S.W.3d 466, 469 (Tex. 2007) (discussing governmental immunity of cities). We must therefore examine the summary judgment evidence to determine whether a fact issue was raised regarding the application of immunity. *Ager,* 977 S.W.2d at 660 *(citing Brand v. Savage,* 920 S.W.2d 672, 673 (Tex.App.–Houston [1st Dist] 1995, no writ)).

When, as here, the trial court's order does not specify the ground on which summary judgment was granted, the judgment is to be affirmed if the motion advanced any meritorious theory. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989).

*Use of tangible personal property and use of motor-driven vehicle*

Hernandez's response to the City's motion for summary judgment contended that her claims fit within the limited waiver of governmental immunity contained in the Tort Claims Act because her injury was caused by Littlejohn's use or misuse of "police equipment including the radio, audio recorder and video recorder." Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2) (Vernon 2003). She pointed to summary judgment evidence suggesting that the City's policies allow police officers discretion whether to record traffic stops and similar encounters with the public, and Littlejohn's deposition testimony that he had never known of an officer being disciplined for improper use of audio or video equipment. She noted evidence that showed Littlejohn admitted he had turned off his mobile microphone so as not to record his contact with her. Hernandez contended that Littlejohn's offense against her "could easily have been prevented if the City of Lubbock had policies and procedures in place to prevent the manipulation of the audio and video recording devices and if proper supervision of patrol officers had been implemented." Hernandez's argument in her response also made reference to the City's failure to provide "equipment which would prevent officers" from turning off the audio portion of the video recorder to prevent the detection of improper actions.[14]

---

[14] Hernandez compares the City's failure to provide such equipment with the University of Houston's failure to repair a broken dormitory doorlock in *Delaney v.*

13

In § 101.021, the word "use" means "to put or bring into action or service; to employ for or apply to a given purpose." *San Antonio State Hosp. v. Cowan*, 128 S.W.3d 244, 246 (Tex. 2004) (citations omitted). While in this context "use" may include "misuse," *Smith v. Tarrant County*, 946 S.W.2d 496, 501 (Tex.App.–Fort Worth 1997, writ denied) (op. on rehearing), it does not include "non-use." Using the property must actually have caused the injury. *Tex. Dep't Crim. Justice v. Miller*, 51 S.W.3d 583, 587-88 (Tex. 2001); *see Tex. Nat'l Resource Cons. Comm'n v. White*, 46 S.W.3d 864, 869 (Tex. 2001) (to invoke Tort Claims Act's waiver of immunity, injury must have been caused by governmental unit's actual use of property, not the failure to use it) (*citing Kerrville State Hosp. v. Clark*, 923 S.W.2d 582, 584-85 (Tex. 1996)). Waiver of the City's immunity cannot be predicated under § 101.021(2) on Littlejohn's deactivation of his radio microphone.

Moreover, imposition of liability under § 101.021(2) based on use of personal property requires more than the property's mere involvement in the circumstances causing injury. *City of Sugarland v. Ballard*, 174 S.W.3d 259, 267 (Tex.App.–Houston [1st Dist.] 2005, no pet.). For waiver of immunity under that provision, the injury must have been proximately caused by the condition or use of property. *Dallas County Mental Health & Mental Retardation v. Bossley,* 968 S.W.2d 339, 342-43 (Tex. 1998); *Texas Dep't Mental Health & Mental Retardation v. Lee,* 38 S.W.3d 862, 867 (Tex.App.–Fort Worth 2001 pet. denied) (cases require "close causal relationship" between condition or use of property and

---

*University of Houston*, 835 S.W.2d 56 (Tex. 1992). The holding of *Delaney* addresses only the intentional tort exclusion of § 101.057. *Id*. at 61. The case does not assist in our evaluation of Hernandez's contention that Littlejohn's misuse of police equipment brings her claims within § 101.021(2).

resulting injury). Property that "does no more than furnish the condition that makes the injury possible" does not cause injury. *Bossley,* 968 S.W.2d at 343. Even if Littlejohn's action of turning off his radio microphone is viewed as a misuse rather than a non-use of the equipment, that action cannot be said to have caused the mental anguish and bodily injuries alleged in Hernandez's petition. They were caused by Littlejohn's intentional acts. If his unused police radio and related equipment can be said to have had any involvement with Hernandez's injuries, they did no more than play their part in furnishing the conditions that made her injuries possible. Indulging in Hernandez's favor every reasonable inference that can be drawn from the summary judgment evidence, we nonetheless find, as a matter of law, that her injuries were not caused by use of Littlejohn's police radio, audio recorder or video recorder. *Id. See also Bonham v. Texas Dep't of Criminal Justice*, 101 S.W.3d 153, 159 (Tex.App.–Austin 2003, no pet.) (rejecting contention that lack of surveillance equipment was use or condition of property that caused injuries from sexual assault by prison guard); *Hendrix v. Bexar County Hosp. Dist.* 31 S.W.3d 661, 663 (Tex. App.–San Antonio 2000, pet. denied) (government employee sexually assaulted patient under guise of performing breast exam; held that employee's use of examination room, examination table, patient gown and public address system did not cause the assault, but merely furnished some of the conditions that made it possible).

In her response to the City's summary judgment motion, Hernandez also asserted the City had not established as a matter of law that her injuries did not arise from the operation or use of Littlejohn's patrol car. She argued his assault of her could not have taken place without the use of the patrol car's back seat. Summary judgment evidence

showed that three other people were with Hernandez when Littlejohn stopped her vehicle. His patrol car was behind her vehicle and Hernandez's affidavit states that Littlejohn "took me back to his car and told me to get into the backseat." The patrol car thus provided a somewhat secluded location to which Littlejohn could remove Hernandez without causing suspicion over his motives, and in which he could expose himself and make his demands on her, outside the view of the passengers in her vehicle. Accepting Hernandez's argument that these events would not have occurred but for the availability of the patrol car's back seat, still we conclude, as a matter of law, her injuries did not arise from the operation or use of the patrol car, as the courts have applied that phrase.

Waiver of immunity for claims based on the operation or use of a motor-driven vehicle, like that for injuries assertedly caused by use of tangible property, requires the plaintiff to show a nexus between the vehicle's operation or use and the plaintiff's injury. Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1)(A) (Vernon 2005); *Dallas Area Rapid Transit v. Whitley,* 104 S.W.3d 540, 543 (Tex. 2003). "[A]s with the condition or use of property, the operation or use of a motor vehicle 'does not cause injury if it does no more than furnish the condition that makes the injury possible.'" *Whitley*, 104 S.W.3d at 543, quoting *Bossley,* 968 S.W.2d at 343. In a case in which a Houston police officer stopped the plaintiff for an apparent traffic violation, ordered her to follow him as he drove his police car, led her to a parking garage, and there sexually assaulted her in his police car, the court found missing the "required causal nexus" between the officer's use of his patrol car and his intentional assault. *Holder v. Mellon Mortg.* Co., 954 S.W.2d 786, 789, 807 (Tex. App.–Houston [14th Dist.] 1997, rev'd on other grounds, 5 S.W.3d 654 (Tex. 1999)). It

16

concluded the plaintiff had not alleged an injury arising from use of the vehicle, and affirmed dismissal of her claims against the City of Houston. *Id*. at 808.[15] We reach the same conclusion on these very similar facts. Again viewing the summary judgment evidence in Hernandez's favor, we find that Littlejohn's use of his patrol car simply served to furnish one of the conditions that made his intentional assault, and Hernandez's injuries, possible. Evidence shows Hernandez's injuries occurred in the patrol car, but it does not show Littlejohn's use of the vehicle caused her injuries.[16]

Hernandez relies on *Salcedo v. El Paso Hospital District*, 659 S.W.2d 30 (Tex. 1983) and *Bryant v. Metropolitan Transit Authority*, 722 S.W.2d 738 (Tex.App.–Houston [14th Dist.] 1986, no writ). Hernandez's reliance on *Salcedo* essentially involves the same misapplication of the case that the supreme court later described in *Bossley. Bossley,* 968 S.W.2d at 342-43. As we have noted, the court there clarified that the requirement of causation for a waiver of immunity based on use of property requires more than the property's mere involvement. *Id*. at 343. *Bryant* involved an assault on a bus passenger by other passengers. *Bryant,* 722 S.W.2d at 739. Relying on *Salcedo*, and its "broad reading" of the provisions that now constitute § 101.021, the majority opinion held that the plaintiff had alleged a claim within the waiver provisions. *Id*. at 740. We do not agree that

---

[15] The plaintiff in *Holder* contended on appeal only that use of the patrol car was use of tangible personal property under § 101.021(2), *Holder,* 954 S.W.2d at 805 n.10, but, as the same court later noted in *Brown v. Houston Ind. Sch. Dist.*, 123 S.W.3d 618, 620 (Tex.App.–Houston [14th Dist.] 2003 pet. denied), also on similar facts, the result is the same under either subsection.

[16] *See also Limon v. City of Balcones Heights*, 485 F.Supp.2d 751, 756-57 (W.D. Tex. 2007) (plaintiff raped by police officer in patrol car; court granted city's motion for summary judgment in plaintiff's Texas Tort Claims Act claim).

17

*Salcedo* and *Bryant* can support reversal of the summary judgment granted the City in this case, and choose instead to follow *Holder*'s analysis of the causal nexus between the officer's use of the patrol car and his intentional assault. *Holder,* 954 S.W.2d at 807.

*Negligent supervision*

Hernandez's pleadings alleged the City was negligent in not properly supervising the actions of Littlejohn. Specifically, she alleged the City was negligent in (1) maintaining a policy that allows a police officer to use his discretion in recording or not recording the audio portion of a police traffic stop; (2) allowing a police officer to use his discretion in videotaping or not videotaping a police traffic stop; (3) allowing a police officer to make a traffic stop of undetermined length before reporting to his supervisor the need and purpose for the stop; (4) failing to supervise patrol officers who make routine traffic stops in an area known to be frequented by young women; and (5) failing to fire Littlejohn when it became apparent to the City that Littlejohn was a sex offender. A claim for negligent supervision or training is a distinct cause of action. *Tex. Dep't Pub. Safety v. Petta*, 44 S.W.3d 575, 581 (Tex. 2001), (*citing Young v. City of Dimmitt,* 787 S.W.2d 50 (Tex. 1990)). The Tort Claims Act, however, does not waive governmental immunity for all such claims, only those that are within the terms of the Act's waiver under § 101.021. *Petta*, 44 S.W.3d at 581; *Norrell v. Gardendale Volunteer Fire Dept.*, 115 S.W.3d 114 (Tex.App.–San Antonio 2003, no pet.). We have concluded that, under applicable law, Hernandez's claims neither arose from the use of Littlejohn's vehicle nor were caused by his use of tangible personal property. The addition of claims asserting that he was negligently supervised during his

18

encounter with Hernandez does not bring her suit within the waiver of immunity set forth in § 101.021.

Lastly, we agree with the City that Hernandez's assertions of negligence with regard to the policies the City maintained for officers' decisions to record traffic stops and to report to a supervisor during stops do not involve a use or misuse of property, and so do not come within § 101.021's waiver of immunity. See *Ballard*, 174 S.W.3d at 265 (reaching similar conclusion on claims based on police force's "customs and policies").[17]

Because we conclude the summary judgment record shows as a matter of law that Hernandez's claims do not fall within the terms of the waiver of immunity prescribed by § 101.021, we overrule her fourth issue.

Conclusion

The judgment of the trial court in favor of the City of Lubbock is affirmed. The trial court's dismissal of Hernandez's claims against Littlejohn is reversed and those claims are remanded for further proceedings.

James T. Campbell
Justice

---

[17] The City argues also that such claims are excluded from the Tort Claims Act under § 101.055(3), which provides the Act does not apply to claims arising from "the method of providing police or fire protection," and under § 101.056, which provides it does not apply to a governmental unit's failure to perform a discretionary act. We do not address either argument, nor need we address the City's alternate contention that all Hernandez's claims arose out of an intentional tort to which the waiver of immunity does not extend. Tex. Civ. Prac. & Rem. Code Ann. § 101.057 (Vernon 2005).