

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00286-CV

Jimmy **MASPERO** and Regina Maspero, Individually, and as Next Friends of W.M., W.M., W.M., Deceased, and W.M., Deceased, Minor Children,
Appellants

v.

**CITY OF SAN ANTONIO**,
Appellee

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CI14946
Honorable David Peeples, Judge Presiding

Opinion by:   Beth Watkins, Justice

Sitting:   Rebeca C. Martinez, Justice
Irene Rios, Justice
Beth Watkins, Justice

Delivered and Filed: August 28, 2019

REVERSED AND REMANDED

This is an appeal from an order granting the plea to the jurisdiction filed by the City of San Antonio in a personal injury suit brought by appellants, Jimmy Maspero and Regina Maspero, Individually and as Next of Friend of their two surviving children and their two deceased minor sons. The Masperos argue the trial court erred in granting the plea because their pleadings and evidence raised a fact question about whether the City is immune from their suit. We agree, so we reverse the trial court's order and remand the cause to the trial court for further proceedings.

## BACKGROUND

The Masperos sued the City after a horrific car crash killed their three-year-old and one-year-old sons and severely injured them and their two surviving small children. Their petition alleged that on the day of the crash, San Antonio Police Department Sergeant Dominic Scaramozi and Officer Kimberly Kory assisted narcotic detectives by initiating traffic stops on people suspected of carrying drugs from a rural property believed to be a drug distribution center. The detectives contacted Sergeant Scaramozi and Officer Kory, who were waiting at a nearby gas station, and requested a traffic stop of a black Suburban as it left the rural property. The detectives radioed that the driver changed lanes without using a turn signal. Officer Kory responded, followed the Suburban and activated her lights. The Suburban slowed and pulled onto the right shoulder, but then suddenly sped up and onto the main lanes of Loop 1604.

According to the petition, Officer Kory initiated an unauthorized chase of the Suburban, which traveled more than 100 miles per hour while weaving in and out of rush-hour traffic. Officer Kory continued the chase onto IH-35 South even though she did not believe she could catch the Suburban. She relayed details of the chase to Sergeant Scaramozi who did not give Officer Kory the authorization required by SAPD procedures to continue the chase. The Suburban drove down a grassy median and onto the frontage road; Officer Kory followed and exited the interstate at a speed of up to 94 miles per hour. The Suburban then drove through an intersection, lost control, and spun out. Officer Kory continued toward the location where she believed the Suburban had crashed when it suddenly emerged, driving toward her vehicle. To avoid impact, she veered off the right shoulder. The Suburban drove past Officer Kory and crashed head-on into the Masperos' Volvo.

The Masperos alleged the City was liable for their injuries because Officer Kory and Sergeant Scaramozi's negligent and reckless actions proximately caused the crash. The City filed

a plea to the jurisdiction, arguing it was immune from suit because there was no nexus between Officer Kory's use of her vehicle and the crash and also because no evidence that Officer Kory's response to this emergency situation demonstrated conscious indifference or reckless disregard for the public's safety. The trial court granted the plea. This appeal followed.

## ANALYSIS

### *Standard of Review*

Governmental immunity from suit defeats a court's subject matter jurisdiction and is properly asserted in a plea to the jurisdiction. *Ryder Integrated Logistics, Inc. v. Fayette Cty.*, 453 S.W.3d 922, 926–27 (Tex. 2015). When, as here, a plea challenges the existence of jurisdictional facts, our review mirrors that of a traditional summary judgment motion. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012). The burden is on the governmental unit to produce some evidence to support its plea. *Id.*; *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). If the governmental unit meets this burden, then the burden shifts to the nonmovant to establish that a disputed material fact exists regarding the jurisdictional issue. *Garcia*, 372 S.W.3d at 635; *Miranda*, 133 S.W.3d at 227–28. We take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Miranda*, 133 S.W.3d at 228. If the evidence raises a fact issue regarding jurisdiction, the plea cannot be granted, and a fact-finder must resolve the issue. *Id.* Whether a trial court has subject matter jurisdiction is a question of law we review de novo. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007).

### *Use of a Motor-Driven Vehicle*

The Masperos contend the trial court erred in granting the City's plea on the basis that there was no evidence of a nexus between their injuries and Officer Kory's use of her vehicle. According to the Masperos, the evidence raises a fact issue regarding the causal relationship, waiving

immunity under section 101.021 of the Texas Tort Claims Act (TTCA). The City contends that since Officer Kory's vehicle was not involved in the crash, the Masperos' injuries did not arise from the operation or use of a motor-driven vehicle.

### *Applicable Law*

As a governmental unit, the City of San Antonio is immune from both suit and liability unless its immunity is waived under the TTCA. *City of San Antonio v. Tenorio*, 543 S.W.3d 772, 775 (Tex. 2018). Section 101.021(1) of the TTCA waives immunity for property damage and personal injury proximately caused by the negligence of a government employee acting in the scope of his employment if the damage or injury "arises from the operation or use of a motor-driven vehicle." TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1). Given the Legislature's preference for a limited waiver of immunity, we strictly construe this section. *Ryder*, 453 S.W.3d at 927.

The Texas Supreme Court defines the "arises from" standard as a "nexus between the operation or use of the motor vehicle and the plaintiff's injuries." *Id*. at 928. In *Ryder*, the Texas Supreme Court described several factors to determine whether a sufficient nexus exists between a plaintiff's injuries and the operation or use of the motor vehicle. *See id*. at 927–28. "To begin with, a government employee must have been actively operating the vehicle at the time of the incident." *Id.* at 927. "Moreover, the vehicle must have been used as a vehicle, and not, e.g., as a waiting area or holding cell." *Id*. "In addition, the tortious act alleged must relate to the defendant's operation of the vehicle rather than to some other aspect of the defendant's conduct." *Id*. at 928 ("Where the vehicle itself 'is only the setting' for the defendant's wrongful conduct, any resulting harm will not give rise to a claim for which immunity is waived under section 101.021."). Finally, "when an alleged cause is geographically, temporally, or causally attenuated from the alleged effect, that attenuation will tend to show that the alleged cause did no more than furnish

the condition that made the effect possible." *Id*. at 929–30 (quoting *City of Dall. v. Hillis*, 308 S.W.3d 526, 532 (Tex. App.—Dallas 2010, pet. denied)).

The *Ryder* Court cautioned that "proper jurisdictional analysis should 'not involve a significant inquiry into the substance of the claims.'" *Id*. at 928 (quoting *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000)). That court also described the nexus threshold as "something more than actual cause but less than proximate cause." *Id*. at 928–29. A plaintiff can therefore meet the arises from standard by demonstrating but-for causation or proximate cause. *Id.* at 929.

"The components of proximate cause are cause-in-fact and foreseeability." *Id*. A tortious act is a cause-in-fact if it serves as a "substantial factor in causing the injury and without which the injury would not have occurred." *Id*. Foreseeability requires "that the injury be of such a general character as might reasonably have been anticipated." *Id*. In addition to these components, we are mindful that proximate cause is ultimately a question for the fact-finder, so we only need to determine whether the petition creates a fact question regarding the causal relationship between Officer Kory's use of her vehicle and the Masperos' injuries. *See id*.

### *Application*

The Masperos' evidence shows that Officer Kory initiated a chase, failed to activate her siren, traveled up to 100 miles per hour, and weaved between eighteen wheelers and other vehicles during rush-hour traffic on two busy highways. When the Suburban drove down a grassy median and onto the access road, Officer Kory followed before she saw the Suburban spin out then head toward her. She swerved and the Suburban struck the Masperos' Volvo head on. The Texas Peace Officer's Crash Report lists the suspect's flight as a contributing cause of the deadly crash.

As to the first *Ryder* factor—whether the government employee was actively operating the vehicle at the time of the incident—the City points to evidence that Officer Kory had ended the

chase when the crash occurred. The Masperos, in contrast, rely on evidence that Officer Kory's vehicle was moving at four miles per hour and turning around to continue the chase when the crash occurred. The standard of review requires us to accept as true the evidence that Officer Kory's vehicle was turning around to continue the chase also to disregard any contrary evidence. *See Miranda*, 133 S.W.3d at 228. Therefore, we must conclude that Officer Kory was actively operating her vehicle at the time of this crash.

Next, we ask whether Officer Kory's vehicle was used as a vehicle. *See Ryder*, 453 S.W.3d at 927. This factor preserves immunity for claims where a vehicle is used not as a motor-driven vehicle but as a place to talk or a holding cell. *See id*. There is no allegation that Officer Kory used her car as a holding cell or a waiting area. *See id*. Instead, she used her patrol car to chase the suspect in the Suburban in her efforts to apprehend him. This pursuit function could only be served by a motor-driven vehicle being used as such. *See id.*

Then, the *Ryder* Court instructs us to ask whether the tortious act alleged relates to the defendant's operation of the vehicle rather than to some other aspect of the defendant's conduct. *See id*. at 928. This element preserves immunity for claims against government drivers that do not arise from the negligent use of motor-driven vehicles. *See id*.; *see also Mount Pleasant Indep. Sch. Dist. v. Estate of Lindburg*, 766 S.W.2d 208, 211–13 (Tex. 1989) (preserving immunity on claim that driver failed to supervise children at a bus stop); *Hernandez v. City of Lubbock*, 253 S.W.3d 750, 761 (Tex. App.—Amarillo 2007, no pet.) (concluding that officer who committed assault in vehicle did not commit tortious use of vehicle). Here, there is no evidence that Officer Kory's vehicle was only the setting for the defendant's wrongful conduct. The Masperos allege that this crash occurred because, inter alia, Officer Kory failed to activate her siren. That contention is supported by eyewitnesses who testified Officer Kory's siren was not on at the time

of the crash. Through this claim, the Masperos have alleged tortious use or operation of a motor vehicle. *See Ryder*, 453 S.W.3d at 928.

Finally, we perform the attenuation analysis. *See id.* As to geographic proximity, Officer Kory testified that the Suburban missed sideswiping her patrol car by inches just before it hit the Masperos' vehicle. In terms of time, Officer Kory testified that she heard the Suburban accelerate past her and barely had time to radio the direction of the Suburban's travel before she heard the crash. Again, the standard of review requires us to accept as true that Officer Kory was turning around to continue the chase—and reject the City's contention that the chase had ended—when the crash occurred. *See Miranda*, 133 S.W.3d at 228. This is some evidence that the crash happened geographically near Officer Kory's vehicle and during the time her pursuit was continuing. Causally, the evidence demonstrates that Officer Kory was turning her car around in an attempt to continue the pursuit. Based on this evidence, we cannot conclude that the crash was so attenuated from Officer Kory's operation of her car to sever the causal nexus between her use or operation of a motor-driven vehicle and the Masperos' injuries.

The City further asserts that the Masperos' injuries did not "arise from" Officer Kory's use of her vehicle because her vehicle was not hit and her conduct did no more than furnish the condition that made the Masperos' injuries possible. That contention is contrary to the Crash Report which reported "fleeing or evading police" as a factor that contributed to this crash. *See Ryder*, 453 S.W.3d at 929. Stated differently, the City's own investigator concluded that the police chase was a cause of this crash. Taking this evidence as true and indulging every reasonable inference in the nonmovant's favor, we cannot say that the driver of the Suburban would have driven the wrong way in traffic and hit the Masperos' Volvo head on "but for" Officer Kory's decision to use her motor-driven vehicle to chase the Suburban without activating her siren. *See id.* ("'[A]rise out of' means . . . there is but-for causation though not necessarily direct or proximate

causation.") (quoting *Utica Nat'l Ins. Co. of Tex. v. Am. Indem. Co.*, 141 S.W.3d 198, 203 (Tex. 2004)). Consistent with *Ryder*, we conclude that because the Masperos presented some evidence of a nexus between Officer Kory's operation of a motor vehicle and their injuries, they have properly alleged an injury that arose from the use or operation of a vehicle for the purpose of section 101.021's waiver of immunity. *See* TEX. CIV. PRAC. & REM. CODE § 101.021(1).

### *Emergency Exception*

The trial court also concluded the City was immune under the emergency exception of the TTCA. The Masperos contend, however, that the trial court erred because they presented some evidence that Officer Kory drove her vehicle recklessly, so the City's immunity is waived under the emergency exception. The City counters that the Masperos presented no evidence to support their contentions of recklessness.

### *Applicable Law*

The TTCA provides exceptions to its waiver of immunity, including an exception for a claim arising:

> from the action of an employee while responding to an emergency call or reacting to an emergency situation if the action is in compliance with the laws and ordinances applicable to emergency action, or in the absence of such a law or ordinance, if the action is not taken with conscious indifference or reckless disregard for the safety of others.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.055(2). This exception is commonly referred to as the emergency exception. *Tex. Dep't of Public Safety v. Little*, 259 S.W.3d 236, 238 (Tex. App.—Houston [14th Dist.] 2008, no pet.). The plaintiff bears the burden to establish the emergency exception does not apply. *Quested v. City of Hous.*, 440 S.W.3d 275, 285 (Tex. App.—Houston [14th Dist.] 2014, no pet).

Like any driver, an operator of an emergency vehicle drives recklessly if she drives "in a wilful or wanton disregard for the safety of persons or property." *Perez*, 511 S.W.3d at 236 (citing

TEX. TRANSP. CODE ANN. § 545.401(a)). There must be more than a momentary judgment lapse; the plaintiff must show the driver committed an act she knew or should have known posed a high degree of risk of serious injury, but did not care about the result. *Id*. And again, the plaintiff need not prove his case simply to establish jurisdiction. *Ryder*, 453 S.W.3d at 928. Instead, to survive an evidentiary plea to the jurisdiction under the emergency exception, the plaintiff is only required to present *some* evidence of recklessness or conscious disregard to create a genuine issue of material fact. *See, e.g., City of San Antonio v. Hartman*, 201 S.W.3d 667, 673 (Tex. 2006).

### *Application*

As pointed out above, Sergeant Scaramozi testified Officer Kory lacked verbal authorization to initiate the pursuit and the benefit of apprehending the suspect did not outweigh the risk to the public. Nevertheless, it is undisputed that Officer Kory initiated a high-speed chase, traveling at speeds of up to 100 miles per hour in rush-hour traffic. The Masperos also produced some evidence that she did not activate her siren during the chase. Officer Kory testified that the suspect's driving was reckless and that her driving mimicked his as they weaved in and out of traffic and drove on the shoulder to pass cars, including eighteen wheelers. By her own admission, Officer Kory continued to chase the suspect even though she knew she could not catch him. The automatic vehicle location report indicates Officer Kory exited the highway at speeds of up to 94 miles per hour.

This evidence raises a fact issue about whether Officer Kory acted with conscious indifference or reckless disregard for the safety of others, and whether she knew or should have known her actions posed a high degree of risk of serious injury but she did not care. *See Perez*, 511 S.W.3d at 236 (holding evidence raised fact issue that officer drove recklessly when driving through intersection knowing he had blind spot). Indulging every reasonable inference in favor of the Masperos, there is some evidence that Officer Kory knew the substantial risks to the public of

initiating and continuing a high-speed chase of a suspect, but did not care about the result because she continued the chase even though she did not believe she could catch the Suburban. *See id.* Because the evidence raises a fact issue on whether Officer Kory's actions were reckless, the emergency exception does not immunize the City from the Masperos' suit. *See Miranda*, 133 S.W.3d at 228.

### *Negligent Implementation of Policy*

In their petition, the Masperos alleged that the City negligently applied San Antonio Police Department General Manual Procedure 609 in this police chase. They argue the trial court erred in dismissing their negligent implementation of policy claim because their pleadings alleged Officer Kory and Sergeant Scaramozi negligently implemented Procedure 609 and presented some evidence that the City is not immune from this claim. The City counters that an implementation of policy, without some other basis for waiver of immunity, is insufficient to waive the City's immunity. The City reasons that because it is immune under section 101.021 of the TTCA and the emergency exception, the Masperos cannot prevail on their negligent implementation of a policy claim.

### *Applicable Law*

"It is well established that a peace officer's flawed execution of a policy gives rise to a colorable negligence claim." *Ryder*, 453 S.W.3d at 928 (citing *State v. Terrell*, 588 S.W.2d 784, 788 (Tex. 1979)). The Texas Supreme Court has long recognized the distinction between complaints about the entity's formulation of a policy and complaints about an actor's implementation of that policy:

> [I]f the negligence causing an injury lies in the formulating of policy, i.e., the determining of the [m]ethod of police protection to provide[,] the government

remains immune from liability. If, however, an officer or employee acts negligently in carrying out that policy, government liability may exist under the Act.

*Terrell*, 588 S.W.2d at 788.

To survive a plea to the jurisdiction on a negligent implementation of a policy claim, the plaintiff is simply required to allege that the governmental employee was negligent in carrying out the official policy. *See, e.g., City of Hous. v. Nicolai*, 539 S.W.3d 378, 385–89 (Tex. App.—Houston [1st Dist.] 2017, pet. denied) (rejecting argument that municipality was immune from negligent implementation of policy claim after officer failed to fasten detainee's seatbelt in violation of procedure requiring such individuals to be belted); *see also Miranda*, 133 S.W.3d at 226 ("When a plea to the jurisdiction challenges the pleadings, we determine whether the pleader has alleged facts that affirmatively demonstrate the trial court's jurisdiction."). We construe the pleadings liberally in favor of the pleader, accept all factual allegations as true, and look to the pleader's intent. *Miranda*, 133 S.W.3d at 226.

### *Application*

The Masperos do not complain about the City's policy-based decision to adopt Procedure 609. Instead, they allege the crash was proximately caused by Officer Kory and Sergeant Scaramozi's negligent failure to follow Procedure 609. In *Ryder*, the Texas Supreme Court recognized that allegations like these give rise to a colorable negligence claim. 453 S.W.3d at 928.

The City does not dispute that Procedure 609 permits an officer to engage in a chase only when the benefit of apprehension outweighs the risk to the public. Under Procedure 609, pursuits cannot be initiated for non-hazardous traffic violations, for traffic violations where the danger has passed, or when fleeing individuals are suspects only. In addition, officers must terminate a pursuit under Procedure 609 unless "immediate authorization" is received from the managing supervisor.

Here, the Masperos allege that Officer Kory's chase began as a routine traffic stop of a driver who was only a suspect. They also allege that Sergeant Scaramozi did not verbally authorize Officer Kory to pursue the suspect. Both allegations, if proven, would constitute violations of Procedure 609. *See id.* Furthermore, Sergeant Scaramozi testified that the risk of danger to the public outweighed the benefit of apprehending the suspect. This is some additional evidence sufficient to create a fact issue about whether Procedure 609 was violated.

Through his testimony, Sergeant Scaramozi provided some evidence that injury or death to the public is the foreseeable consequence of violating Procedure 609. *See, e.g., Travis v. City of Mesquite*, 830 S.W.2d 94, 97–98 (Tex. 1992) (concluding testimony that officers knew crash was possible when they gave chase raised fact issue that officers' conduct was proximate cause of crash that caused plaintiffs' injuries). We cannot say that the Masperos presented no evidence that their injuries were foreseeable and proximately caused by Officer Kory and Sergeant Scaramozi's flawed execution of Procedure 609. *See Miranda*, 133 S.W.3d at 228; *see also Ryder*, 453 S.W.3d at 928 ("We do not require the plaintiff to 'put on [its] case simply to establish jurisdiction.'") (quoting *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000)). The trial court therefore erred in dismissing the Masperos' negligent implementation of a policy claim. *See Ryder*, 453 S.W.3d at 928.

## CONCLUSION

We therefore reverse the trial court's order granting this plea to the jurisdiction and remand the cause for further proceedings.

Beth Watkins, Justice