Armando X. LOPEZ and Dennis
D. Cantu, Appellants,

v.

Vidal M. TREVINO, Appellee.

No. 04–99–00116–CV.

Court of Appeals of Texas,
San Antonio.

July 28, 1999.

Rehearing Overruled Aug. 26, 1999.

David M. Feldman, Richard A. Morris, Sheila P. Haddock, Feldman & Rogers, L.L.P., Houston, for appellant.

C.M. Zaffirini, Zaffirini & Castillo, Laredo, for appellee.

Sitting: ALMA L. LÓPEZ, Justice, PAUL W. GREEN, Justice, KAREN ANGELINI, Justice.

## OPINION

Opinion by: ALMA L. LÓPEZ, Justice.

This is an interlocutory appeal from a trial court's order denying a motion for summary judgment filed by Armando X. Lopez ("Lopez") and Dennis D. Cantu ("Cantu"), asserting claims of immunity. In three points of error, Lopez and Cantu contend that the trial court erred in denying their motion because: (1) they are entitled to legislative immunity from the claims; (2) they are entitled to official immunity from the claims; and (3) the plaintiff, Vidal M. Trevino ("Trevino"), failed to assert a cognizable claim for fraud against them. In this interlocutory appeal, we only have jurisdiction to address the first two points raised by Lopez and Cantu; therefore, we do not consider the third point raised in the brief. *See* TEX. CIV. PRAC. & REM.CODE § 51.014 (Vernon 1998); *Aldridge v. De Los Santos*, 878 S.W.2d 288, 294 (Tex.App.—Corpus Christi 1994, writ dism'd w.o.j.) (noting court only had jurisdiction to consider immunity issue in interlocutory appeal not whether appellees failed to state a cause of action); *see also Boozier v. Hambrick*, 846 S.W.2d 593, 596 (Tex.App.—Houston [1st Dist.] 1993, no writ).

### STANDARD OF REVIEW

When a defendant moves for summary judgment on an affirmative defense, like immunity, the defendant must conclusively prove each element of the defense as a matter of law. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex. 1994). *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 494–95 (Tex.1991). If the defendant meets this burden, the plaintiff must then produce evidence raising a genuine issue of material fact in avoidance of the affirmative defense. *Gonzalez v. City of Harlingen*, 814 S.W.2d 109, 112 (Tex.App.—Corpus Christi 1991, writ denied). In reviewing a summary judgment, an appellate court accepts as true all evidence supporting the non-movant. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 549 (Tex.1985). All inferences are indulged in favor of the nonmovant, and all doubts are resolved in his favor. *Id.*

### LEGISLATIVE IMMUNITY

In their first point of error, Lopez and Cantu assert that the trial court erred in denying their motion for summary judgment because the actions about which Trevino complains were taken in their legislative capacity, entitling them to legislative immunity. We disagree.

In order to be entitled to legislative immunity, Lopez and Cantu were required to show that the actions they took were functionally legislative. In this case, Trevino is complaining that Lopez and Cantu signed a letter promising him a retirement plan but subsequently voted against paying Trevino the retirement annuity. The mere fact that the complained-of action occurred by way of vote does not automatically mean the action is legislative. *Bartlett v. Cinemark USA, Inc.*, 908 S.W.2d 229, 235 (Tex.App.—Dallas 1995, no writ). Two tests have been employed by courts to aid in determining whether an action is legislative. *Id.* First, the courts consider

whether the underlying facts on which the decision is based are "legislative facts," such as generalizations concerning a policy or state of affairs, or whether the underlying facts are more specific, such as those that relate to particular individuals or situations. *Id.* If the underlying facts are generalizations, the action is legislative; if the underlying facts are specific, the decision is administrative. *Id.* The second test focuses on the particularity of the impact of the action. *Id.* If the action involves the establishment of a general policy, it is legislative; if the action singles out specific individuals, it is administrative. *Id.*

Courts generally consider employment and personnel decisions to be administrative in nature because they affect a single individual. *Chateaubriand v. Gaspard,* 97 F.3d 1218, 1220 (9th Cir.1996); *Negron–Gaztambide v. Hernandez–Torres,* 35 F.3d 25, 28 (1st Cir.1994). For example, where the action involves the elimination of a position due to budgetary considerations, the decision is legislative because it involves policy considerations and affects the position, not simply the individual. *Bogan v. Scott–Harris,* 523 U.S. 44, 118 S.Ct. 966, 973, 140 L.Ed.2d 79 (1998). However, where the action involves the termination of a particular employee, the action is administrative. *Id.* Applying the two tests to this case, the underlying facts related specifically to Trevino, and the action singled out Trevino, a specific individual. We therefore conclude that the action was administrative, and Lopez and Cantu were not entitled to legislative immunity. The first point of error is overruled.

## OFFICIAL IMMUNITY

 In their second point of error, Lopez and Cantu assert that they are entitled to official immunity for their actions. As government officials, Lopez and Cantu are immune from suit for the performance of (1) discretionary duties (2) within the

scope of their authority (3) as long as they acted in good faith. *See City of Lancaster v. Chambers,* 883 S.W.2d 650, 653 (Tex. 1994); *Closs v. Goose Creek Consol. Ind. Sch. Dist.,* 874 S.W.2d 859, 868 (Tex. App.—Texarkana 1994, no writ). Trevino contends that Lopez and Cantu are not entitled to immunity because: (1) they did not act in good faith; and (2) their conduct was not within the scope of their authority.

 Good faith is established when it is proved that a reasonably prudent government official, under the same or similar circumstances, could have believed that his actions were justified. *Chambers,* 883 S.W.2d at 656. Once the defendant has met his burden of proof on good faith, the plaintiff may attempt to controvert the existence of the defendant's good faith. But to avoid summary judgment based on official immunity, the plaintiff carries a much higher burden of proof. In order to raise a fact issue, a plaintiff is required to prove that no reasonable person in the defendant's position could have thought the facts were such that they justified the defendant's acts. *Id.* at 657.

Trevino contends that Lopez and Cantu did not act in good faith because they acknowledged their support and approval of the promised retirement annuity with no intention of performing such promise. Both Lopez and Cantu testified in their depositions that the reason they voted against paying the annuity was the absence of formal board approval which they believed was a prerequisite to legally bind the school district to the retirement plan. The letter they signed in June of 1994 contained express language that contemplated the potential for board action.[1] Rogelio Rios, the author of the letter, testified that both Lopez and Cantu expressed concern about whether the retirement plan could be adopted without formal board action, and they only signed the letter after Rios reassured them that he

---

1. The letter states: "I have been informed that Ms. Teresa Hunter, our school attorney, will be vacationing for 5 weeks, and upon her arrival, I will request a legal opinion advising the Board if some type of formal Board action would be required regarding this matter."

would discuss the matter with the school board's attorney when she returned from vacation. Rios further testified that he instructed the personnel director that he needed to get an opinion from the attorney in drafting the amendment to Trevino's employment contract. Finally, Rios testified that sometime in December of 1994, the attorney informed the board that formal board action was required to approve the annuity.

Lopez and Cantu could have reasonably believed that executing the letter of support for the retirement plan was permissible since the letter indicated that the adoption of the plan was dependent on obtaining a legal opinion regarding whether formal board action was necessary. Voting against the approval of payment under the plan, which the attorney subsequently informed the board was not enforceable due to the absence of formal approval, establishes good faith. A reasonably prudent government official, under the same or similar circumstances, could have believed that his action in voting against payment was justified in the absence of the favorable legal opinion that was contemplated in the initial approval letter. Given the subsequent advice given by the attorney, Trevino was unable to prove that no reasonable person in the defendants' positions could have thought the facts were such that they justified the action.

Trevino also asserts that Lopez and Cantu are not entitled to official immunity because if the agreement to pay him the retirement annuity was in violation of the open meetings act, then the conduct of Lopez and Cantu in signing the initial letter was not within the scope of their authority. This assertion ignores the fact that the letter expressly contemplated that a legal opinion would be obtained before the retirement plan was incorporated into Trevino's employment contract, and that both Lopez and Cantu expressed their doubts about whether the plan would be enforceable in the absence of a formal vote when they signed the letter. We therefore hold that Lopez and Cantu conclusively established each element of their official immunity defense as a matter of law, and their second point of error is sustained.

### CONCLUSION

The action taken by Lopez and Cantu was not legislative; therefore, they were not entitled to legislative immunity. However, Lopez and Cantu conclusively established each element of their official immunity defense as a matter of law. The judgment of the trial court is reversed, and judgment in rendered in favor of Lopez and Cantu.