# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 27, 2010

No. 09-20306

Lyle W. Cayce
Clerk

WEINGARTEN REALTY INVESTORS,

Plaintiff – Appellee

v.

MR. RON SILVIA; MR. DAVID RUESINK; MS. LYNN MCILHANEY; MAYOR
BEN WHITE,

Defendants – Appellants

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-3390

Before DAVIS, WIENER, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Weingarten Realty Investors filed suit against the City of College Station,
Texas, its city council members, and its mayor alleging several causes of action,
including tortious interference with a contract. The Defendants moved to
dismiss the complaint based on legislative and sovereign immunity. The motion
was denied. The Defendants filed an interlocutory appeal of this denial to the
extent that it applies to the tortious interference claim. We agree that the
claimed immunity applies. We REVERSE and REMAND.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 09-20306

STATEMENT OF FACTS

In 2006, Weingarten Realty Investors purchased an undeveloped seventy-acre plot of land in College Station, Texas with the intention of developing the area into commercial retail property. At the time of the purchase, the property was not zoned for commercial development. It was listed, though, as commercial property on the City's Comprehensive Plan for future land use, a plan on which Weingarten claims it relied.

After the purchase, Weingarten filed an application with the City Council to have approximately forty-eight acres of the property rezoned as general commercial property. At about the same time, Weingarten allegedly began to negotiate to sell or lease sections of the property to commercial retailers.

Prior to voting on Weingarten's rezoning application, the City Council received recommendations from the City's Planning & Zoning Commission ("Commission") and from the City's Acting Director of Planning & Development Services. The Commission recommended denying the rezoning request, while the Acting Director recommended approval. After a public hearing during which many local residents voiced their opposition to Weingarten's rezoning proposal, the City Council voted to deny the rezoning application.

Several months later, Weingarten filed a second application with the City Council. This time, Weingarten requested that only sixteen acres be rezoned as general commercial property. The Commission voted to wait for the City to complete a traffic study of the area before making its recommendation on the rezoning. A year later, the Commission still had not made a recommendation on the proposal. Weingarten decided to bring suit.

No. 09-20306

In 2008, Weingarten filed a lawsuit in the United States District Court for the Southern District of Texas. Weingarten claimed that the City Council and former mayor tortiously interfered with a contract. It alleged that these individuals frustrated its contracts with several large commercial retailers that had conditionally agreed to purchase or lease sections of the property. The Defendants moved to dismiss Weingarten's claims based both on legislative and sovereign immunity.

At the parties' request, the proceedings were stayed to allow for consideration of Weingarten's still-pending second rezoning application. After holding a second public hearing, the Commission voted four to two to recommend that the City Council deny the rezoning application. The City Council, though, voted to approve Weingarten's application, but with restrictions to accommodate traffic concerns. Weingarten claims these restrictions are so severe that no commercial developer would agree to build on the property.

The stay was then lifted, and Weingarten proceeded with its lawsuit. Thereafter, the district court issued a single-sentence order denying the Defendants' motion to dismiss in its entirety. The individuals named as Defendants then filed this interlocutory appeal. They seek reversal of the district court's order only to the extent that it declined to apply legislative immunity and sovereign immunity to the tortious interference claims.

## DISCUSSION

A district court's refusal to dismiss on the basis of immunity is reviewed *de novo*. *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 252 (5th Cir. 2005).

In Texas, "individuals acting in a legislative capacity are immune from liability for those actions." *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d

150, 157 (Tex. 2004) (citation omitted).  This immunity applies to city council members who are performing "legitimate legislative functions." *Id.* (citations omitted).  A defendant's actions are legislative and protected by legislative immunity if they reflect "a discretionary, policymaking decision of general application, rather than an individualized decision based upon particular facts." *In re Perry*, 60 S.W.3d 857, 860 (Tex. 2001) (citations omitted).

To determine whether a particular action is legislative rather than administrative, two tests operate as guidelines:

> The first test focuses on the nature of the facts used to reach the given decision.  If the underlying facts on which the decision is based are "legislative facts," such as "generalizations concerning a policy or state of affairs," then the decision is legislative.  If the facts used in the decisionmaking are more specific, such as those that relate to particular individuals or situations, then the decision is administrative.  The second test focuses on the "particularity of the impact of the state action."  If the action involves establishment of a general policy, it is legislative; if the action single[s] out specific individuals and affect[s] them differently from others, it is administrative.

*Bryan v. City of Madison, Miss.*, 213 F.3d 267, 273 (5th Cir. 2000) (quoting *Cuttig v. Muzzey*, 724 F.2d 259, 261 (1st Cir. 1984) (alterations in original)).  The defendant bears the burden of demonstrating that the actions were "functionally legislative." *Lopez v. Trevino*, 2 S.W.3d 472, 473 (Tex. App.—San Antonio 1999).

Weingarten claims that this is not a zoning case in which the Defendants would be entitled to legislative immunity.  Rather, Weingarten argues that the Defendants acted administratively, not legislatively, when they first voted to deny the rezoning and then voted to approve it only with severe restrictions.  Weingarten argues that the Defendants' actions were not taken to establish a

No. 09-20306

general zoning policy.  Instead, they singled out Weingarten and thwarted its efforts to develop the property as it wished.

This case *is* about zoning.  The zoning decision affected contracts and had other ramifications, but the Defendants' actions were legislative.  Both this court and Texas state courts have held that zoning is generally a legislative activity. *See, e.g., Bryan*, 213 F.3d at 273-74; *Weatherford v. City of San Marcos, Tex.*, 157 S.W.3d 473, 480-88 (Tex. App.—Austin 2004).  The rezoning decision would fail to satisfy either Weingarten or the residents who did not want a large commercial development in their backyards.  The freedom to make politically-charged legislative decisions like this is why legislative immunity exists.  *See generally Tenney v. Brandhove*, 341 U.S. 367 (1951) (detailing the history of legislative immunity in England, the Colonies, and the United States).

Zoning decisions are legitimate legislative functions protected by legislative immunity.  This is true even though the City's Comprehensive Plan listed the property as an area that would "support large commercial retail use." While a city's zoning regulations "must be adopted in accordance with a comprehensive plan," Tex. Local Gov't Code § 211.004(a), it does not follow that the comprehensive plan dictates that a city council must approve every rezoning application that seeks to have certain property zoned in accordance with the comprehensive plan.  If a city council were required to do so, then a comprehensive plan would become a de facto set of zoning regulations for the city.  On the contrary, comprehensive plans in Texas must bear the following statement: "A comprehensive plan *shall not* constitute zoning regulations or establish zoning district boundaries." *Id.* § 213.005 (emphasis added).  Even if the Defendants are precluded from rezoning the property in a manner that

No. 09-20306

directly contradicts the Comprehensive Plan, we have been shown no authority suggesting that the Defendants *must* approve an application to rezone the property in a manner consistent with the Comprehensive Plan.

The Defendants' actions were legislative in nature. Therefore, we hold the Defendants are entitled to absolute legislative immunity.[1] We REVERSE the district court's order and REMAND for further proceedings consistent with this opinion.

---

[1]    Since the Defendants are entitled to absolute legislative immunity, we need not address the issue of whether the Defendants are also entitled to sovereign immunity under the Texas Tort Claims Act.