

## ATTORNEY GENERAL OF TEXAS
### GREG ABBOTT

June 10, 2013

Ms. Mari Robinson
Executive Director
Texas Medical Board
Post Office Box 2018
Austin, Texas 78768-2018

Opinion No. GA-1008

Re: Whether the Texas Medical Board may allow its investigators who hold a concealed handgun license to carry a concealed handgun while on duty without subjecting the Board to liability (RQ-1104-GA)

Dear Ms. Robinson:

You ask whether the Texas Medical Board (the "Board") may allow its investigators who hold a concealed handgun license ("CHL") to carry a concealed handgun while on duty without subjecting the board to liability.[1]

You state that the Board has investigators whose duties may take them into potentially dangerous situations. Request Letter at 1. You further inform us that the Board wishes to recognize the right of an investigator who has a CHL to carry a concealed handgun for protection and is considering adopting a resolution that would "allow its investigators to carry concealed handguns [while on duty] but at the same time indicate that such action is not required by the Board or the employees' job descriptions[.]" *Id.* at 2. In your first two questions, you ask if the Board may legally adopt such a resolution. *Id.*

You specifically ask about section 154.057 of the Occupations Code, which authorizes the Board to employ investigators to investigate complaints. *Id.* at 1–2. Subsection (c) provides: "The board may commission investigators as peace officers to enforce this subtitle. An investigator commissioned as a peace officer under this subsection *may not carry a firearm* or exercise the powers of arrest." TEX. OCC. CODE ANN. § 154.057(c) (West 2012) (emphasis added). You inform us that the Board does not intend to commission its investigators as peace officers. Request Letter at 1. Nevertheless, the Board is concerned that section 154.057(c) might be construed to prohibit the Board from allowing non-peace officer investigators to carry a concealed handgun pursuant to CHL laws. *Id.* at 1–3.

---

[1]Letter from Ms. Mari Robinson, Exec. Dir., Tex. Med. Bd., to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Jan. 7, 2013), http://www.texasattorneygeneral.gov/opin ("Request Letter").

Courts construing an unambiguous statute "adopt the interpretation supported by its plain language unless such an interpretation would lead to absurd results." *TGS–NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011). Moreover, when construing seemingly incongruous statutes, courts attempt to harmonize them to "give effect to both by assigning each a meaning that will permit each to stand." *Valero Transmission Co. v. Hays Consol. Indep. Sch. Dist.*, 704 S.W.2d 857, 864 (Tex. App.—Austin 1985, writ ref'd n.r.e.). The prohibition against carrying a firearm in section 154.057(c) of the Occupations Code does not apply to anyone other than an investigator who the Board has commissioned as a peace officer. *See* TEX. OCC. CODE ANN. § 154.057(c) (West 2012). Further, section 154.057 was enacted in 1983, more than a decade before the CHL statutes were first enacted.[2] Section 154.057 does not address CHL holders, and therefore does not prohibit a non-peace officer investigator from carrying a concealed handgun pursuant to the CHL law. In sum, we are not aware of any law that prohibits the Board from allowing its non-peace officer investigators to carry a concealed handgun according to the CHL law while the investigators are on duty.

You also ask whether the Board would be protected by sovereign immunity from suit and liability if it adopts the resolution. Request Letter at 2–3. You ask specifically about section 101.021(2) of the Tort Claims Act ("TCA"). *Id.* at 3; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2) (West 2005). Section 101.021(2) provides a limited waiver of a governmental unit's immunity for the "condition or use of tangible personal or real property." TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2) (West 2005). The TCA does not waive immunity for "a claim based on . . . *the legislative functions of a governmental unit.*" *Id.* § 101.052 (emphasis added). The Board's adoption of a resolution would constitute a legislative function and would not constitute a waiver of immunity under the TCA. *See Lopez v. Trevino*, 2 S.W.3d 472, 474 (Tex. App.—San Antonio 1999, pet. dism'd w.o.j.) (holding that the establishment of general policy is a legislative function).[3]

Whether the Board would be immune from suit or damages for injury caused by an investigator carrying a concealed handgun pursuant to a CHL poses a different question. The TCA does not waive immunity for damages caused by an employee's intentional torts, including damages from an intentional use of a handgun. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.057 (West 2005). *See also Tex. Dept. of Pub. Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001) (holding that the claim that an officer shot at complainant's tires alleges intentional conduct that "fit[s] squarely within section 101.057's exclusion"). However, a court has held that negligent use of a weapon could constitute the use of property under the TCA and therefore give rise to a waiver of immunity under the TCA. *City of Houston v. Vargas*, 193 S.W.3d 143,

---

[2]*See* Act of May 16, 1995, 74th Leg., R.S., ch. 229, 1995 Tex. Gen. Laws 1998, 1998–2015 (enacting CHL statutes); Act of May 30, 1983, 68th Leg., R.S., ch. 974, § 12, 1983 Tex. Gen. Laws 5291, 5304 (enacting predecessor to section 154.057(c) of the Occupations Code).

[3]If the resolution constitutes an agency rule, however, its validity or applicability might be subject to challenge in a declaratory judgment action under the Administrative Procedure Act. *See* TEX. GOV'T CODE ANN. § 2001.038 (West 2008).

147 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). Consequently, depending on the facts, a court could conclude that the TCA waives the Board's immunity from suit or liability for an investigator's negligent use of a handgun.

Finally, you ask about the immunity provided by section 411.208 of the Government Code, which provides:

> (a)  A court may not hold the state, an agency or subdivision of the state, an officer or employee of the state, a peace officer, or a qualified handgun instructor liable for damages caused by:
>
> (1) an action authorized under this subchapter or a failure to perform a duty imposed by this subchapter; or
>
> (2) *the actions of an applicant or license holder that occur after the applicant has received a license or been denied a license under this subchapter.*
>
> (b)  A cause of action in damages may not be brought against the state, an agency or subdivision of the state, an officer or employee of the state, a peace officer, or a qualified handgun instructor for any damage caused by the actions of an applicant or license holder under this subchapter.

TEX. GOV'T CODE ANN. § 411.208(a)–(b) (West 2012) (emphasis added). No court decision has addressed this statute. Reading the statute as a whole, the apparent purpose of section 411.208 is to immunize government actors who implement the CHL licensing process against claims based on the later actions of licensees and applicants. *See id.* The statute's plain language, however, is not limited to agencies involved in the CHL licensing process and extends immunity to all state agencies for the actions of a CHL holder. Thus, a court could conclude that section 411.208(a)(2) provides immunity to a state employer for the actions of an employee who holds a CHL and uses a handgun negligently while on the job. Given the lack of legal authority interpreting section 411.208, however, we are unable to provide you with definitive guidance.

## S U M M A R Y

Texas Law does not prohibit the Texas Medical Board from allowing its investigators who are not commissioned as peace officers to carry a concealed handgun pursuant to the concealed handgun law while the investigators are on duty.

Adopting a concealed handgun policy that is consistent with state law would not waive the Texas Medical Board's immunity for its own actions of a legislative character. However, we cannot predict whether a court would construe section 411.208 of the Government Code as granting a state employer immunity for the negligent use of a handgun by an employee who holds a concealed handgun license.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee